## ELLIS *v.* TAYLOR.

No. 8423.   JUNE 10, 1931.

*Ellis & Fowler* and *Arthur Lewis,* for plaintiff.
*Walter DeFore, James C. Estes,* and *V. J. Adams,* for defendant.

BECK, P. J. C. R. Ellis brought suit in the superior court of Bibb County against E. S. Taylor, and alleged that the defendant was indebted to him in the sum of $1200, by reason of the following facts: That on May 29, 1928, Mrs. Phillips engaged the defendant to "safely pick up, transport, and store and protect certain personal property belonging to her," which was then in a certain store in Macon, Georgia; that among the items to be transported was a soda fount of the value of $1200; that the defendant agreed and undertook to safely transport, store, and protect the property, the defendant then being engaged in the general storage, warehouse, and transfer business; that while said property was in the possession of the defendant under the contract referred to, it was broken and damaged by the defendant in consequence of his negligence and his failure to exercise due care in carrying out his undertaking with Mrs. Phillips, and that thereafter, and prior to filing this suit, Mrs. Phillips "sold, transferred, and assigned to petitioner all the right, title, and interest which she had in and to any claim for damages against the defendant, growing out of any injury to the property described." By amendment it was alleged that after the filing of this suit the defendant filed against petitioner a suit in the municipal court of Macon, to recover $165 as charges for the storage of the property described in the petition above set forth, that the jurisdiction of the municipal court is limited to an amount not exceeding $500; that while it is the right of petitioner (Ellis) to file a cross-action in the muncipal court and recover upon his claim in the same action brought against him by the defendant, on account of the limited jurisdiction of the municipal court petitioner can not file his cross-action for damages arising out of defendant's breach of his contract, and that it is necessary for him to seek the aid of a court of equity and procure a restraining order against the prosecution of the suit in the municipal court and have all the issues between the parties adjudicated in the equitable proceeding. His prayer is for injunction to restrain the defendant from proceeding with the suit in the municipal court of Macon.

Taylor filed a demurrer and an answer to the petition as amended. The court sustained the demurrer to that part of the amended petition in which the equitable relief of injunction was sought.

We are of the opinion that the court did not err in sustaining the demurrer, thereby denying to the petitioner the equitable relief

sought. The suit by Taylor against Ellis was one founded upon a contract, and the suit by Ellis against Taylor to recover damages for injury to the property in question resulting from the negligence of the defendant and his agents was an action ex delicto, and the contract between Taylor and Mrs. Phillips was alleged by way of inducement. If there could be any doubt as to whether, if Mrs. Phillips had brought suit on the original contract with Taylor, the suit would be one ex delicto or ex contractu, there could be no doubt as to the nature of the suit brought by Ellis, because it is alleged in his petition that Mrs. Phillips sold and transferred to Ellis only the "right, title, and interest which she had in and to any claim for damages against the defendant [Taylor] growing out of injury to any and all the property described."

In the case of *Owens* v. *Nichols,* 139 *Ga.* 475 (77 S. E. 635), it was said: "In *Wolff* v. *Southern R. Co.,* 130 *Ga.* 256 (60 S. E. 569), it was said: 'Our Civil Code, § 3807, declares a tort to be a "legal wrong committed upon the person or property independent of contract;" and that such legal wrong may be "the violation of some private obligation by which damage accrues to the individual." The "private obligation" here referred to evidently means a private duty arising either from law or from a relation created by contract express or implied. Civil Code, § 3810. It is well recognized that a tort may result from the violation of a duty which is itself the consequence of a contract (see Civil Code, § 3812), or, as expressed in *City &c. Railway* v. *Brauss,* 70 *Ga.* 368: "If a contract imposes a legal duty upon a person, the neglect of that duty is a tort founded upon a contract. In such a case the liability arises out of a breach of duty incident to and created by the contract, but is only dependent upon the contract to the extent necessary to raise the duty. The tort consists in the breach of duty." ' " See also *Lamb* v. *McHan,* 17 *Ga. App.* 5 (86 S. E. 252). In *Copelan* v. *White,* 17 *Ga. App.* 565 (87 S. E. 846), the substance of the plea of set-off was that the plaintiff had agreed with the defendant to buy a house on terms therein named, and breached the contract by failure to carry out the same, resulting in damages to the defendant in a sum named. The court held it to be an action sounding in tort, and that it could not be set off against an action ex contractu. See also *Standhardt* v. *Hardin,* 145 *Ga.* 147 (88 S. E. 565).

Inasmuch as we are of the opinion that the suit in the superior

court by Ellis against Taylor was an action ex delicto, he could not set up the claim which is the basis of that suit as a set-off against the claim of Taylor sued on in the municipal court; as a claim arising ex delicto can not be set off against one arising ex contractu, where insolvency on the part of the party prosecuting the suit ex contractu is not alleged. Therefore the court did not err in holding that the petitioner in the present case was not entitled to injunction. If he has a good claim arising ex delicto, he may prosecute the same in any court having jurisdiction and there secure a judgment against the wrong-doer.

*Judgment affirmed.  All the Justices concur.*