## 28769. AMERICAN OIL COMPANY *v.* ROPER.

DECIDED MARCH 18, 1941. REHEARING DENIED APRIL 3, 1941.

*Shelton, Pharr & Long,* for plaintiff in error.

*W. L. Hailey,* contra.

SUTTON, J. Phil Roper brought suit against American Oil Company and Harvey Sanders, alleging, in substance, that he entered into a verbal contract with the oil company, through its agent Sanders, in which it was agreed that he was to operate for the company a filling-station located in Hartwell, Georgia, and that he was to be paid as commission two cents per gallon for the gasoline sold through the filling-station, as well as the difference between the wholesale and retail prices on all motor oil so sold, and that he was to receive all profits from the sale of merchandise, such

as cold drinks, sandwiches, etc., and from the washing and greasing of cars; that Sanders persuaded him to enter into this agreement for a period of one year commencing November 1, 1938, and he took possession at that time and called on his friends and increased the business; that the defendant company had an employee named Walter Rhodes, who was a truck driver and handled the sales and collections; that the plaintiff was directed to pay to Rhodes all cash received from customers and was promised a settlement at the end of each month; that he sought a settlement and a record of the sales, but the defendants refused to furnish him a statement, and stated that the company did not owe him any money, but that the plaintiff was indebted to it; that the defendants would not put any more gasoline in the pumps, and refused to sell the plaintiff any more gasoline, and pursued an arbitrary and illegal course of forcing him out of business, contrary to the terms of the agreement; that the defendants are indebted to him $287.83 for commissions on gasoline and motor oils sold; that they have caused him mental pain and suffering, embarrassment and humiliation before the public; that by the fraudulent acts of the defendants he has been damaged in the sum of $2500; that the agents of the company threatened him and used towards him oppressive language, and the company had one of its attorneys threaten and use duress to force him to abandon the premises of the company. Judgment for $2500 actual and punitive damages was prayed.

The oil company filed general and special demurrers. On February 17, 1940, the court passed an order sustaining the general demurrer, the grounds as to misjoinder of parties and of causes of action, and two other special grounds, providing that, "unless within ten (10) days plaintiff amends, said petition to be dismissed." The plaintiff failed to file any amendment within the ten days. Between the date of the judgment on the demurrers and August 20, 1940, the plaintiff tendered an amendment but it was not allowed. In an order dated August 20, 1940, the judge recited that the amendment was, on motion of counsel for the plaintiff, withdrawn. On the same date the judge passed an order purporting to vacate nunc pro tunc the judgment of February 17, 1940, and also passed an order sustaining the general demurrer of the defendant oil company and grounds of demurrer as to misjoinder of parties and of causes of action, subject to amendment

to meet the objections and electing between a cause of action for breach of contract and a cause of action in tort. Certain other grounds were sustained under the same provisions, some subject to amendment, and some were overruled. On the same date the trial judge passed an order in which was recited: "The motion to disallow the proffered amendment in view of the order passed this date on the general and special demurrers of defendants to plaintiff's original petition, the same is refused and disallowed, plaintiff having announced in court that his action is an action ex delicto and not ex contractu, and that he is asking solely for recovery of damages occasioned by the tort and not for the breach of the contract."

On August 26, 1940, the case was called for trial and counsel for the defendants objected to proceeding upon the ground that there was no case pending, inasmuch as by an order of the court on February 17, 1940, sustaining a general demurrer to the petition the case was dismissed, no amendment having been filed and allowed pursuant to the terms of said order. The court overruled the objections and directed that the case proceed, whereupon counsel for the oil company, expressly reserving its objections to proceeding, presented its written motion to set aside and declare a nullity the order of August 20, 1940, vacating nunc pro tunc the order of February 17, 1940, upon the ground that said nunc pro tunc order was null and void and without authority of the court, no motion to vacate having been made on February 17, 1940, and no order of court having been orally made vacating said order of February 17, 1940. The judge overruled the motion, and again directed that the case proceed. The defendant oil company then presented to the court a motion to revoke and set aside the two orders of the court dated August 20, 1940, wherein the court overruled the motion of defendant to disallow the plaintiff's amendment. The motion was overruled. Counsel for the defendant then presented to the court a motion to declare a nullity and set aside and vacate the order of court dated August 20, 1940, wherein the court made certain rulings on defendant's demurrers to the original petition. The motion was overruled. Counsel for the defendant then presented to the court a motion to enter a final judgment for the defendant on the ground that the case had been dismissed pursuant to the order of February 17, 1940. The motion was overruled. Defendant then tendered its exceptions pendente lite to

the four orders of the court dated August 20, 1940, which exceptions were certified and ordered filed. On the date the case was called for trial counsel for the plaintiff tendered an amendment or revised petition. Counsel for the defendant presented its four objections to the allowance of the amendment or revised petition, all of which objections were overruled and the revised petition of plaintiff was allowed subject to demurrer. Counsel for the defendant then demurred generally to the petition as amended. The demurrer was overruled. Thereafter the defendant, American Oil Company, filed its exceptions, bringing to this court for decision all of the rulings of the court adverse to the defendant oil company.

While the record discloses quite a variety of pleadings and rulings in the present case, we think it may readily be disposed of by a consideration limited to the effect of the order of the court of February 17, 1940, in respect to the demurrers to the original petition, and the merits of the general demurrer to the amended or revised petition of August 26, 1940. Whether the court was not authorized to enter at a subsequent term, on August 20, 1940, a nunc pro tunc order setting aside the judgment of February 17, 1940, sustaining the general demurrer and special demurrers to the original petition, as contended by counsel for the plaintiff in error, it is unnecessary to decide. If such order of August 20, 1940, was void, the judgment of February 17, 1940, remained unchanged, and its legal effect was to sustain the grounds of the demurrer aforementioned, with the right in the plaintiff to amend as stated in the judgment. If the order of August 20, 1940, was valid, it set aside the judgment of February 17, 1940, and by a judgment rendered on August 20, 1940, it was adjudicated that the defendant's grounds of the original demurrer as to the petition not setting forth a cause of action, as to a misjoinder of parties and of causes of action were good, that judgment providing, however, that the plaintiff have the right to meet the objections urged by electing between an action for breach of contract and an action as for a tort. Of course, in the event of an election to amend to make the petition one in which the plaintiff seeks recovery as for a tort, the objection as to misjoinder of parties disappears, as it is well settled that the oil company and its agent Sanders could be jointly sued in a tort action. The plaintiff finally, on August 26,

1940, amended the original petition by substituting a revised petition, and in open court disclaimed any intention to seek recovery ex contractu, relying solely on the sufficiency of the petition as to setting out a tort action.

The revised petition made allegations similar to those of the original petition as to having entered into a verbal contract with the defendant, through its agent Sanders, and under which he was to act for the oil compay in selling its gasoline and motor oils, in return for which he was to be allowed a commission of two cents per gallon on the gasoline and the difference between the wholesale and retail prices of the motor oils, and he was to be permitted to sell for his own account cold drinks and sandwiches, etc., and to engage for his own profit in the washing and greasing of cars on the premises of the oil company's filling-station. Allegations similar to those in the original petition were made as to his developing the business, turning over to the defendant oil company's agent, Walter Rhodes, the receipts from gasoline and oils sold by him, and as to his inability to obtain any settlement or statement from the company, etc. It was alleged that he was finally informed that he was due nothing, but instead owed the defendant company, and that the company refused to supply any more gasoline for the pumps; that the defendant and its agent, Harvey Sanders, intended at the time of entering into the contract to defraud him by having him work long hours advertising their products and increasing the sale of the same with a view of taking advantage of his illiteracy in an unfair settlement, claiming a breach of the contract and canceling it and ruining his business, injuring his reputation as an oil dealer so that he could not establish a similar or competitive business, and that such conduct was intentional, malicious, fraudulent, wanton, oppressive, and confiscatory; that the defendants wilfully withheld from him the approximate amount of $200 to force him out of business, knowing that he did not have sufficient funds with which to buy other gasoline and oil for sale and thereby depriving him of the opportunity to continue in business, and that they are indebted to him in an unknown amount; that the defendant oil company and the defendant Sanders have caused him great mental pain and suffering, embarrassment and humiliation by their conduct, and, because he had delivered to the oil company all cash received from sales and re-

fused to pay to him the sums belonging to him, his credit standing has been impaired and his family has suffered from the lack of the necessities of life; and the acts of the defendants being attended with aggravating circumstances he has been damaged in the sum of $2500 and is entitled to exemplary damages; that the oil company's agents, including Sanders, would threaten him and use oppressive language for the purpose of forcing him to surrender possession of the premises, and that such conduct was intentional, malicious, and caused him embarrassment and humiliation, and his reputation was injured and his business ruined thereby. Judgment was prayed in the sum of $2500 for actual and punitive damages.

The defendant, on August 26, 1940, when the case came on for trial, without waiving its motions and objections theretofore filed, demurred generally to the petition as amended. This demurrer the court overruled, and the exception here, among others, is to that judgment.

The judgment of February 17, 1940, did not sustain the grounds of demurrer unconditionally and did not purport to dismiss the original petition in præsenti. It merely provided that unless amended within ten days "said petition to be dismissed." In these circumstances the court did not lose jurisdiction, and "it was within the power of the court, at the final hearing on demurrer to the petition, to allow an amendment." *Zipperer* v. *Helmnly,* 148 *Ga.* 480 (97 S. E. 74). See *Blyth* v. *White,* 178 *Ga.* 488, 492 (173 S. E. 421); *Humphries* v. *Morris,* 179 *Ga.* 55, 59 (175 S. E. 242); *Coleman* v. *Davis,* 59 *Ga. App.* 750, 754 (2 S. E. 2d, 148); *Klotz* v. *Raymond,* 61 *Ga. App.* 30 (5 S. E. 2d, 613). The amendment or revised petition was, therefore, allowable in the present case. It purported to cure the defects of the original petition and to set forth a cause of action as for a tort, and the plaintiff by his announcement in open court is committed to a reliance solely on such a cause of action. In our opinion it does not set forth a tort action independent of a contract. "A tort is the unlawful violation of a private legal right, other than a mere breach of contract, express or implied; or, it may be the violation of a public duty, by reason of which some special damage accrues to the individual." Code, § 105-101. "'The mere breach of an ordinary contract does not constitute a tort; and if there is no liability except that aris-

ing out of a breach of a purely contractual duty, the action must be in contract, and an action in tort can not be maintained.' There are certain classes of contracts that create a relation from which the law implies duties a breach of which will constitute a tort, and 'in such cases an injured party may sue either for breach of the contract, or in tort' for breach of the implied duty. This rule applies in certain contractual relations between principal and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and similar well-recognized relations; but it is not every contractual relation which involves a public duty the breach of which will support an action in tort. Thus, while the relation of master and servant gives rise to certain duties imposed by law independently of the express terms of the contract, yet for a liability imposed only by the contract of employment, and involving no breach of a legal duty, the remedy is solely an action ex contractu. 'An action by a servant for a wrongful discharge from his employment is in contract, and an action in tort will not lie unless the discharge was accompanied by wrongful acts amounting to a trespass.' 1 C. J. 1016-1017, 1029." *Manley* v. *Exposition Cotton Mills,* 47 *Ga. App.* 496 (170 S. E. 711). See also *L. & N. Railroad Co.* v. *Spinks,* 104 *Ga.* 692 (30 S. E. 968), for a thorough discussion of the essence of a tort, and *Howard* v. *Central Railway Co.,* 9 *Ga. App.* 617, 619 (71 S. E. 1017).

The allegations of the petition as amended show only a liability imposed by the contract and not the violation of a public duty towards the plaintiff as imposed by law. The use of threatening or "oppressive" words, not amounting to slander or libel, does not give rise to a civil action in tort. It is alleged that the defendants intended at the time of entering into the contract to defraud the plaintiff by having him increase the sale of the company's products and then to ruin his business, but no conspiracy, which might be shown by conduct, is alleged, and no acts are alleged in support of the bare conclusion as to their intentions to defraud. One is not obliged by threats and intimidation to depart from his contract, but he may stand his ground; and if the other party breaches it, he may recover damages ex contractu, but not always in an action sounding in tort. The plaintiff having disclaimed any right to recover for a breach of contract, and the amended petition not

750

showing a tort independently of contract or a violation by the defendant company of a public duty owed to the plaintiff, the petition was not good against the general demurrer, and the court erred in overruling the same.

*Judgment reversed.* *Stephens, P. J., concurs.* *Felton, J., concurs specially.*