### 35362.  FRANK GRAHAM COMPANY, INC. *v.* GRAHAM.

DECIDED OCTOBER 1, 1954—REHEARING DENIED OCTOBER 19, 1954.

*Marshall, Greene & Neely, Ferdinand Buckley,* for plaintiff in error.

*Dunaway & Embry, James M. Embry,* contra.

TOWNSEND, J. ■ The 1st, 2nd, 3rd, and 6th grounds of demurrer attack the petition on the ground that there is no cause of action, and that it is duplicitous in attempting to join an action in contract with an action in tort. The petition sets out that the automobile was, at the time of its purchase, represented to be in good mechanical condition as to brakes and other items;

that on the two occasions when it was returned to the plaintiff after work was done on the brakes, it was represented that the brakes had been put in good working condition; that the defendant solicits repair work and holds itself out to the public as employing expert mechanics; and that the plaintiff, not being a mechanic, relied on the integrity of the defendant and accepted the automobile in the belief that the trouble had been corrected. Code § 105-104 provides as follows: "Private duties may arise from statute or flow from relations created by contract, express or implied. The violation of any such specific duty, accompanied with damage, shall give a right of action." Code § 105-105 provides as follows: "When a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other." As stated in *City &c. Ry. of Savannah* v. *Brauss*, 70 *Ga.* 368: "If a contract imposes a legal duty upon a person, the neglect of that duty is a tort founded upon a contract. In such a case the liability arises out of a breach of duty incident to and created by the contract, but is only dependent upon the contract to the extent necessary to raise the duty. The tort consists in the breach of duty." See also *Ellis* v. *Taylor*, 172 *Ga.* 830, 832 (159 S. E. 266); *Speed Oil Co.* v. *Jones*, 59 *Ga. App.* 625 (1). (1 S. E. 2d 760); *McCranie* v. *Bank of Willacoochee*, 29 *Ga. App.* 552 (1) (116 S. E. 202). Negligence of the defendant as alleged, in failing to repair the brakes to the plaintiff's automobile in such manner that they could be depended upon to function properly, although it represented to him that they had been fixed and were in good working condition, constituted a breach of the duty owing to the plaintiff to provide him with serviceable and dependable brakes, and this is true although the duty which the defendant owed the plaintiff in this respect was created by the contract, and although the defendant at the time it sold the automobile expressly warranted that the brakes were in good working order. "One owes another the duty fixed by law not negligently or willfully or wrongfully to do an act which will probably injuriously affect him, unless there be legal justification." 86 C. J. S. 927, § 7. The duty in this case arose by reason of contract, but it is the violation of the duty, and not the violation of the contract, on which the plaintiff lays his case.

Accordingly, the petition set out a cause of action and was not duplicitous. The judgment overruling the remaining grounds of special demurrer, to the effect that portions of the pleading were vague, indefinite, argumentative, irrelevant, or conclusions of the pleader, shows no error which would justify a reversal of this case. *Teal* v. *Equitable Loan Co.*, 43 *Ga. App.* 673 (159 S. E. 904).

■ It is contended by counsel for the plaintiff in error that the verdict is without evidence to support it, and also that the evidence in the case cannot be said to preponderate to one theory rather than another, so that the record as a whole leaves the fact of the wreck equally as consistent with the theory that the defendant was not negligent in relation to the plaintiff as the theory that it was negligent in failing to repair the brakes properly, and that for this reason the judgment for the plaintiff was not supported by the evidence, citing *H. J. Heinz Co.* v. *Fortson*, 62 *Ga. App.* 130 (8 S. E. 2d 443). There was much conflicting evidence on the question of the defendant's negligence. There was testimony that the brakes were in good repair when the automobile was turned over to the plaintiff about 48 hours before the wreck; testimony that after the wreck, when the car was examined, there was only one small leak in the brake system over the rear wheel, and it might reasonably be accounted for by the force of the impact, and that in the opinion of the witnesses the condition of the cylinder, housing, wheel, and so on was such as to indicate that the car had not been driven since the leak occurred. On the other hand, however, there was the positive and uncontradicted testimony of the plaintiff that, in the emergency caused by the car ahead of him veering over into his lane of travel, he pushed the brake down to the floorboard and there was a total failure of braking power. In addition, there was testimony by a witness with mechanical experience, who purchased and repaired the automobile, that he found foreign matter or "settlings" in the brake fluid. It is further obvious from the uncontradicted testimony of the plaintiff that the automobile had been giving trouble in the brake system almost from the time of its purchase, and that, between September 27 when it was purchased, and October 25 and October 27 when it was wrecked, it was twice returned to the defendant with the

complaint that the brakes were not working properly. The testimony of the defendant's witnesses that, when it was returned to the plaintiff on the second occasion (two days before the wreck), it was in a condition of proper repair did not necessarily have any great effect on the jury in view of the further uncontradicted testimony that the car had been returned on the first occasion, a few days prior, with the same assurances, and that the brakes had again failed. Between the first and second occasions on which it was returned to the defendant for repairs to the brake system, it was driven about 380 miles; between the second occasion and the time of the wreck it was driven about 300 miles. While counsel for the plaintiff in error, citing Rotche v. Buick Motor Co., 358 Ill. 507 (193 N. E. 529), contends that the testimony as to the condition of settlings in the brake fluid several weeks after the wreck was inadmissible, there was no objection to this testimony and no assignment of error on its admission. While the independent contractor who undertakes the repair of a chattel is by no means the insurer, he yet owes an independent duty to the person with whom he contracts not to endanger the lives and limbs of others by his negligent performance thereof, when the consequences of such conduct may be foreseen. *Moody* v. *Martin Motor Co.*, 76 *Ga. App.* 456, 461 (46 S. E. 2d 197). It is a well-recognized fact, universally known in the current machine age, that the brakes of an automobile are most vital to the safety of those who use it. The evidence here most favorable to the plaintiff supported a finding that not only did the defendant, which employed workmen claiming to be automobile repair experts, originally sell the vehicle with the assurance that the brakes were functioning properly, but that twice thereafter, within a thirty-day period, it received notice that they were not functioning properly, and on each such occasion undertook to repair them and returned the vehicle with assurances that they had been repaired, and that on none of the occasions was that part of the brake system where the settlings were actually found examined by these employees. The defendant owed to the plaintiff only the duty of ordinary care, but whether or not it exercised such care in making the repairs was a jury question. The evidence authorized the finding that the defendant did not exercise ordinary care in

repairing the brakes, and that its negligence in this respect was the proximate cause of the plaintiff's injuries.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed.  Gardner, P. J., and Carlisle, J., concur.*