37044.   ORKIN TERMITE COMPANY, INC. *v.* DUFFELL.

DECIDED FEBRUARY 21, 1958.

*Irving K. Kaler, W. Stell Huie,* for plaintiff in error.

*Harris & Gower, William T. Brooks,* contra.

NICHOLS, Judge.   1. The plaintiff, according to the writ of

error, abandoned in open court any action based on a breach of the contract and relied solely on the alleged tort. Therefore, in construing the allegations of the petition as against the defendant's demurrers no question is presented as to whether the petition would otherwise be good as an action for a breach of contract. See *American Oil Co. v. Roper*, 64 *Ga. App.* 743 (14 S. E. 2d 145).

The defendant's special demurrers deal with the allegations of the petition in connection with the alleged terms of the contract between the parties. Assuming, but not deciding, that the special demurrers with reference to the terms of the contract would have been good if the action was based on an alleged breach of such contract, inasmuch as the present action is for an alleged tort "and the contract is pleaded merely as an inducement, it is not necessary to set out the contract with as much particularity as would be required if the suit had been upon the contract." *Georgia R. & Bkg. Co. v. Sewell*, 57 *Ga. App.* 674 (5) (196 S. E. 140). Accordingly, the trial court did not err in overruling the defendant's special demurrers.

2. The fact that in some cases a plaintiff has a choice as to whether he will seek his recovery for a breach of the contract or for damages in tort is well settled (Code § 105-105); however, it is not in every case where a contract is breached that a plaintiff may elect his remedy. *Fain v. Wilkerson*, 22 *Ga. App.* 193 (95 S. E. 752); *Atlanta Gas Light Co. v. Newman*, 88 *Ga. App.* 252 (76 S. E. 2d 536). And since the plaintiff, in open court, abandoned any right of action for a breach of the contract the question presented is whether or not the plaintiff could, under the allegations of the petition recover for the alleged tort. *American Oil Co. v. Roper*, 64 *Ga. App.* 743, supra.

The plaintiff's petition is based on the alleged nonfeasance of the defendant and not on the malfeasance of such defendant, to wit: Failure to reinspect, failure to retreat, failure to discover, and to prevent termite damage. There is no allegation that an inspection was negligently made, or that any retreatment was negligently given the premises, or that because of such negligent inspection the termites were not discovered, or that because of such negligent treatment the termites caused the

alleged damages to the premises. The whole case is predicated on the alleged negligence in *failing to perform* the duties which arose out of the contract and not on the negligent performance of such duties.

Accordingly, the present case is distinguishable from that line of cases exemplified by *Frank Graham Co.* v. *Graham,* 90 *Ga. App.* 840 (84 S. E. 2d 579), where the action was based on the negligent performance of the contract and not the nonperformance of such contract.

Accordingly, in view of what has been said above, the trial court erred in overruling the defendant's general demurrer since the petition failed to set forth a cause of action ex delicto and the plaintiff had abandoned any action ex contractu.

*Judgment reversed. Felton, C.J., and Quillian, J., concur.*