40481. KENIMER v. WARD WIGHT REALTY COMPANY et al.

DECIDED JANUARY 31, 1964—REHEARING DENIED FEBRUARY 13, 1964.

*Cullen M. Ward, William W. Daniel,* for plaintiff in error.

*Latimer & Allen, A. C. Latimer,* contra.

JORDAN, Judge. This case was transferred to this court by the Supreme Court in *Kenimer v. Ward Wight Realty Co.,* 219 Ga. 275 (133 SE2d 18). Under that decision the sole question for determination here is whether or not the allegations of the plaintiff's petition are sufficient to state a cause of action for damages in tort against the defendants for their alleged malicious procurement of the breach of a contract in which the plaintiff claimed an interest.

The allegations of the amended petition which was dismissed by the trial court on the defendants' oral motion in the nature of a general demurrer show that on June 16, 1948, the plaintiff entered into a contract of employment as a real estate agent with Ward Wight, d/b/a Ward Wight & Company, which provided among other things that: "All fees and commissions earned by party of the second part [the plaintiff] shall be divided 50% to party of the first part and 50% to party of the second part. All leases or rental contracts made by party of the second part in which he has a one-half interest shall be appropriately marked on the lease itself and in the office records at the time lease is executed." The contract provided for the continuing payment of the commission upon leases originated or negotiated by the plaintiff in the event of the cancellation or termination of the employment contract by either party, the commission to be reduced to 40% if the agreement was voluntarily terminated by the plaintiff. This contract was assigned to and assumed by the Ward Wight Realty Company, one of the defendants herein, on January 1, 1950.

On December 20, 1948, Ward Wight & Company entered into an agreement with the sponsors of Oakland City Apartments, Inc., under the terms of which the sponsors of said project agreed to employ Ward Wight & Company as the agent for managing a group of apartments to be built by the proposed corporation for which Ward Wight & Company was to receive a commission of 5% of all rentals paid by tenants to Oakland City Apart-

ments, Inc. This contract which was for a term of 32 years and 7 months, and which by its terms was irrevocable was adopted and ratified by Oakland City Apartments, Inc., after its incorporation; and the interest of Ward Wight & Company was assigned to and assumed by the Ward Wight Realty Company, one of the defendants herein, upon its subsequent incorporation.

The petition alleged that the management contract of December 20, 1948, was originated and negotiated by the plaintiff and that in accordance with the terms of his employment contract, Ward Wight, d/b/a Ward Wight & Company, marked on the back of said management agreement that the plaintiff "has a one-half interest in the contract stated on the reverse side of the paper and will accordingly receive commissions in accordance with his contract with Ward Wight as mentioned above." The petition alleges that the plaintiff voluntarily left the employ of the Ward Wight Realty Company on April 1, 1954, but that he continued to receive commissions arising from the management agreement as provided in the employment contract until April, 1956, when he ceased to be paid by the Ward Wight Realty Company.

The management contract between the Oakland City Apartments, Inc., and the Ward Wight Realty Company was canceled on May 2, 1955, by the mutual consent of the parties thereto, and a new contract was executed. The petition alleges that the cancellation of this contract was executed at the request of Ward Wight, Jr., and Stewart Wight, who were acting in the scope of their authority as directors of the Ward Wight Realty Company; and it is alleged that said parties induced the cancellation of this contract for the purpose of depriving the plaintiff of the fee to which he was entitled under the management contract.

Damages were sought against the Ward Wight Realty Company, Ward Wight, Jr., and Stewart Wight in the sum of $30,000 for lost commissions, $10,000 for bad faith, and $5,000 for attorney's fees.

It is the contention of the plaintiff that he had a property or contract right in the management agreement between his former employer, the Ward Wight Realty Company, and the Oakland City Apartments, Inc.; and that the "malicious" cancellation

of said agreement by the realty company for the purpose of depriving him of the commissions to which he was entitled under said agreement constituted a tortious interference in his property or contract rights for which he could recover damages ex delicto. This contention is wholly without merit.

The plaintiff was not a party to the contract between Ward Wight Realty Company and the Oakland City Apartments, Inc., and had no interest in said contract by assignment or otherwise. He was entitled under the allegations of the petition to a percentage of the income which inured to the realty company under its management contract with Oakland City Apartments, Inc.; but that right arose out of his employment contract with the realty company and not out of the management agreement. The allegations of the petition clearly showed that the endorsement on the back of said management agreement by Ward Wight was made pursuant to the employment contract and in recognition of the plaintiff's rights thereunder; and said unilateral endorsement by Wight without the consent of the other contracting party could not constitute an assignment of any interest in said contract to the plaintiff. *Tifton, T. & G. R. Co. v. Bedgood,* 116 Ga. 945 (43 SE 257); *Adair v. Smith,* 23 Ga. App. 290 (98 SE 224).

The plaintiff was a stranger or third party in relation to the management contract between Ward Wight Realty Company and the Oakland City Apartments, Inc., and cancellation of that contract by the mutual consent of the parties thereto could in no way affect the rights of the plaintiff and the obligations of the defendant realty company under the contract of employment between those parties. The failure of the realty company to pay the plaintiff any commissions to which he was entitled under said employment contract could only constitute a breach of that contract, however, and would afford no basis for an action in tort. *Rhine v. Sanders,* 100 Ga. App. 68 (110 SE2d 128); *American Oil Co. v. Roper,* 64 Ga. App. 743 (2) (14 SE2d 145); *Wometco Theatres, Inc. v. United Artists Corp.,* 53 Ga. App. 509 (2) (186 SE 572).

The cases of *Employing Printers Club v. Dr. Blosser Co.,* 122 Ga. 509 (50 SE 353), and *Luke v. DuPree,* 158 Ga. 590 (124 SE 13), relied upon by the plaintiff in support of his contention

that the action of the defendants in canceling the management contract constituted a tortious interference in his contract rights, are clearly inapplicable here. In those cases suit was brought by a party to the contract alleged to have been breached, and as pointed out in the *Wometco Theatres* case, supra, at p. 514 and in *Rhine v. Sanders,* supra, p. 74, the decisions in those cases were predicated upon the general and well established proposition that parties to a contract have a property right therein and the malicious interference in this right by third parties constitutes a tort.

The petition in this case did not state a cause of action in tort against the corporate defendant nor against the individual defendants even though the petition alleged that they were acting individually and in their capacity as officers and agents of the defendant corporation in all matters material therein, for as was stated in *Rhine v. Sanders,* supra, at p. 74: ". . . whatever they did with respect to the plaintiff's contract of employment and with respect to the management of the corporate business, they did as corporate officers and not in any of their individual capacities. *Neuhoff v. Swift & Co.,* 54 Ga. App. 651, 660 (188 SE 831). They had the right while acting as corporate officers and agents to counsel and advise with the defendant corporation as to the management of its affairs in all matters with which the corporation was concerned without the risk of rendering themselves personally liable to third parties for their acts in that regard if they should err." Counsel for the plaintiff having announced in open court that this suit was in tort and not in contract, the trial court did not err in dismissing the petition on the defendants' oral motion in the nature of a general demurrer.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*