## 41667. THORNTON v. SHIVERS.

SUBMITTED JANUARY 10, 1966—DECIDED MARCH 16, 1966.

*Hatcher, Stubbs, Land & Rothschild, J. Rudolph Jones,* for appellant.

*James H. Fort,* for appellee.

BELL, Presiding Judge. The evidence disclosed that on August 22, 1962, defendant overhauled the master cylinder and adjusted the brakes of the car. On September 12, 1962, defendant inspected the brakes and determined that the master cylinder was "O.K.," but that the brakes needed relining. On November 13, 1962, defendant replaced the linings, overhauled the wheel cylinders and adjusted the brakes. Joyce Shivers testified that on December 30, 1962, while driving the car at a speed of approximately forty miles per hour with plaintiff as a passenger, she attempted to apply the brakes of the car immediately before and incidental to the collision and the brakes failed to respond. This was positive and uncontradicted evidence showing that the brakes were defective at the time of collision, and it was substantiated by the testimony of a policeman who depressed the brake pedal at the scene of the collision and found that the pedal could be depressed to the floor of the car without resistance and also by an ambulance driver who testified to the same effect. Other evidence showed that on August 22, 1962, the car's odometer reading was 11,207 miles; on November 13 it was 12,459 miles; and on the day of the collision, the reading was 13,052 miles. There was also evidence from which the jury could find that if properly overhauled, the brakes should have given good service for many more miles and months. In addition, one witness qualified as an automobile repair expert testified that in his opinion there was a leak of brake fluid from the master cylinder. Upon disassembling the master cylinder this witness and another found that the inside of the cylinder was corroded, pitted and scored. This condition could have been present immediately after defendant made the repairs in question. Prior to the collision no one other than defendant had performed any service or made any repairs upon the car. This evidence, coupled with the direct evidence indicating that the brakes were defective when the collision occurred, was circumstantial evidence authorizing a

finding that defendant's work was negligently performed and that this negligence was the proximate cause of plaintiff's injuries. See *Frank Graham Co. v. Graham*, 90 Ga. App. 840, 843 (84 SE2d 579).

It follows that *Camp v. Emory University*, 95 Ga. App. 442 (2) (98 SE2d 66), cited by defendant is inapplicable here.

*Frazier v. Georgia R. & Banking Co.*, 108 Ga. 807 (1) (33 SE 996) is also inapplicable. This case states the rule that a fact cannot be established by circumstantial evidence from which the existence of the fact might be inferred, where the circumstantial evidence relied upon is consistent with positive, uncontradicted and unimpeached testimony that the fact did not exist. See also: *Myers v. Phillips*, 197 Ga. 536, 542 (29 SE2d 700); *Emory University v. Bliss*, 35 Ga. App. 752, 754 (134 SE 637). It is true that several automobile repair experts testified that when they inspected the automobile after the collision the brakes were operative, that they were unable to find anything wrong with the brakes and that, specifically, they did not detect a leak of the brake fluid from the master cylinder. However, the fact that these witnesses did not find anything wrong with the brakes did not necessarily mean that the brakes were in fact not defective. This evidence was itself mere circumstantial evidence which was inconsistent with the circumstantial evidence adduced by plaintiff. While it tended to negate an inference of defendant's negligence in making the repairs, it was not positive, uncontradicted evidence, consistent with the circumstantial evidence relied upon by plaintiff, and thus was not evidence of the kind necessary to invoke the rule stated in *Frazier*.

The trial court did not err in denying defendant's motion for judgment notwithstanding mistrial.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*