## 41989. MAULDIN v. SHEFFER.

ARGUED MAY 2, 1966—DECIDED JUNE 24, 1966.

*Gambrell, Harlan, Russell & Moye, Charles A. Moye, Jr., Harold N. Hill, Jr., David A. Handley,* for appellant.
*Paul C. Myers, Wall, Armstrong & Aynes, R. J. Armstrong,* for appellee.

FRANKUM, Judge.   L. Miles Sheffer, doing business as L. Miles Sheffer & Associates, sued John G. Mauldin, doing business as Coastal Engineering Company, for damages.   The original petition did not clearly set forth a cause of action, either ex contractu or ex delicto, but after the defendant had demurred thereto and the petition had been once amended, and the defendant had orally moved to dismiss the petition as amended, the plaintiff filed a redrafted petition in which he set forth the following material facts.   Plaintiff was a licensed architect engaged in the practice of his profession.   He entered into an oral contract with the defendant, a registered professional mechanical engineer actively engaged in such profession, under the terms of which defendant agreed to provide plaintiff with certain engineering designs, plans, drawings and specifications to be drawn, written and produced by defendant who was to serve as consulting engineer for plaintiff's architectural work and projects.   Pursuant thereto the defendant did, in June, 1961, undertake to furnish plaintiff with certain engineering designs, plans, drawings, speci-

fications and engineering data for the plaintiff's use in the design and construction of additions to five specified school buildings. In consideration for such services plaintiff agreed to pay defendant $200 per week, and plaintiff did pay to the defendant such sums. Defendant did, in his professional engineering capacity, produce certain designs, drawings, plans, specifications, engineering data, and revisions thereof which he furnished to plaintiff in December, 1961, and in January, April, and May of 1962, all with respect to the aforesaid additions to school buildings. Said plans were incorporated by plaintiff in his overall architectural plans and delivered by plaintiff to the various school boards by whom plaintiff had been employed. Said designs, plans, specifications and engineering data and revisions prepared by the defendant and delivered to plaintiff were in numerous respects erroneous, incorrect and contrary to generally accepted engineering standards, in that they were contrary to and in violation of the fundamental laws of physics and were contrary to and in violation of the promulgated policies, regulations and standards of the Georgia State School Building Authority, the Georgia Department of Education, and the county boards of education by whom plaintiff was employed. The errors in the defendant's work concerned the plumbing, heating and electrical designs of the said projects, a detailed list of said errors being attached as Exhibit A and by reference incorporated in the petition. Plaintiff used defendant's work in his designs and delivered the same to his clients for approval and acceptance, and thereafter, the various projects were advertised for construction bids, but before the contract was let the State School Building Authority recalled the bids and returned the plans to the plaintiff for correction of the engineering errors of defendant. Defendant prepared revisions of his designs which were duly resubmitted by plaintiff, and the same procedure resulted in a rejection of the plans by the State School Building Authority on two subsequent occasions, each revision of defendant being rejected as being unsatisfactory for the various reasons set forth in the petition and the exhibit attached thereto. As the result of the rejection of the plans as aforesaid, plaintiff's clients and the State School Building Authority made certain charges against the plaintiff for

expenses incurred in advertising and readvertising the projects for bids, and it was necessary ultimately for plaintiff to employ other engineering personnel to completely redesign, re-engineer, redraw and rewrite the designs, plans, specifications and data which defendant had been employed by plaintiff to prepare, and plaintiff incurred, in so doing, specified expenses which are set forth in the petition in detail. Plaintiff also incurred other specified losses and expenses, including the loss of a contract to perform architectural services on certain other school building projects planned by one of the plaintiff's clients who, as a result of the engineering errors and mistakes perpetrated by the defendant, refused to permit plaintiff to serve as architect on said projects, although having previously contracted with plaintiff to so serve. All of plaintiff's special damages alleged to have proximately resulted from the defendant's negligence are set forth in the petition in detail.

Paragraphs 38 and 39 of the petition are as follows: "38. That the defendant, in the preparation of said designs, drawings, specifications, plans and data did wilfully and intentionally utilize designs, drawings, specifications, plans and data from other building projects and other engineering projects on which defendant had worked in the past, which were not suited or in any way reasonabl[y] intended to be suited or adapted to the plaintiff's architectural plans for said five school building projects; that the defendant did frivolously utilize said other and nonrelated plans, drawings, specifications, designs and data with full knowledge that the same were not usable or adaptable to the plaintiff's architectural plans and the said conduct of the defendant was wilful and wanton and was in deliberate disregard of his ethical, moral and legal duties as an engineer registered under the laws of Georgia and was in deliberate and wilful disregard of his duty to plaintiff to perform said engineering work in a skilled, conscientious and diligent manner according to his ability and was in wilful, deliberate and intentional disregard of his duty to use reasonable and ordinary care in the performance of his engineering duties. 39. That the defendant, in thus frivolously, wilfully, deliberately and intentionally failing to exercise ordinary care and reasonable care in the performance

of his duties as an engineer in the preparation of said plans, designs, drawings, specifications and data for the plaintiff, did perpetrate an act of aggregated tortious conduct within the meaning and scope of Section 105-2002 of the Code of Georgia and plaintiff taxes punitive and exemplary damages against defendant in the sum of Five Hundred Thousand ($500,000.00) Dollars to deter the defendant from repeating such wrongdoing and sues the defendant for said punitive damages." In paragraph 40 plaintiff alleged that all of his injury and damage was directly and proximately caused by the negligence of the defendant in enumerated particulars therein set out. Exhibit A, referred to in the petition, listed 151 errors alleged to have been committed by the defendant in the preparation of the engineering plans and specifications for the plaintiff. To the redrafted petition the defendant filed general and special demurrers. The trial court overruled the grounds of general demurrer. This judgment is enumerated as error in this appeal.

While it does not appear from the record, counsel for the appellant in their brief before this court state, in effect, that counsel for the plaintiff declared in open court that it was their intention to proceed in tort rather than ex contractu. Counsel for the appellee do not deny this statement or in any way directly refer to it in their brief, but from the tenor of their argument it is apparent that their contention was and is that the petition as finally amended set forth a cause of action ex delicto. We will accordingly treat the case as being one where such an election has been made and will consider the issue of whether or not the petition as finally amended is sufficient to set forth a cause of action ex delicto. *American Oil Co. v. Roper*, 64 Ga. App. 743 (14 SE2d 145); *Orkin Termite Co. v. Duffell*, 97 Ga. App. 215, 216 (102 SE2d 629); *Kenimer v. Ward Wight Realty Co.*, 109 Ga. App. 130, 134 (135 SE2d 501).

Generally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort or authorize the aggrieved party to elect whether he will proceed ex contractu or ex delicto. *Manley v. Exposition Cotton Mills*, 47 Ga. App. 496 (170 SE 711); *American Oil Co. v. Roper*, 64 Ga. App. 743, supra; *Leonard v. Fire-*

*men's Ins. Co.,* 100 Ga. App. 434, 435 (111 SE2d 773). Accordingly, under the foregoing authorities, if there is no liability except that arising out of a breach of the express terms of the contract, the action must be in contract, and an action in tort cannot be maintained. Of course, as was said in *City &c. R. of Savannah v. Brauss,* 70 Ga. 368, 377, in referring to those situations where from the nature of the breach or the duty violated an election may be made by the aggrieved party, "private duties may arise from statute, or flow from relations created by contract, express or implied. The violation of any such specific duty, accompanied with damage, gives a right of action." To the same effect see also *State Mut. Life &c. Assn. v. Baldwin,* 116 Ga. 855, 860 (43 SE 262) ; *Milledgeville Water Co. v. Fowler,* 129 Ga. 111, 113 (58 SE 643) ; *Howard v. Central of Ga. R. Co.,* 9 Ga. App. 617, 619 (71 SE 1017). Thus, if a contract imposes a legal duty upon a party thereto, which duty exists apart from the specific obligation of the contract, the neglect of that duty is a tort founded upon a contract. *American Oil Co. v. Roper,* supra; *Leonard v. Firemen's Ins. Co.,* supra. In such a case the liability arises out of the breach of duty incident to and created by the contract, but is only dependent upon the contract to the extent necessary to raise the duty. *City &c. R. of Savannah v. Brauss,* supra; *State Mut. Life &c. Assn. v. Baldwin,* supra; *Lipscomb v. Watkins,* 28 Ga. App. 185 (1) (110 SE 502). So, it is well settled, under the foregoing authorities and others which could be cited, that in some cases the plaintiff may have an election to sue for a breach of contract or for damages in tort. *Code* § 105-105; *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252 (1) (76 SE2d 536) ; *Orkin Termite Co. v. Duffell,* 97 Ga. App. 215, supra. From the foregoing authorities it can be seen that it is not in every case where a contract has been breached that a right accrues to the opposite party to make an election. See, in addition to cases already cited, *Fain v. Wilkerson,* 22 Ga. App. 193 (95 SE 752).

The rule which affords an election to sue ex delicto or ex contractu in cases involving a breach of a duty implied by reason of a contractual relation has been applied to contractual relations between principal and agent, bailor and bailee, attorney

and client, physician and patient, carrier and passenger or shipper, master and servant, and possibly other well recognized relations. *Manley v. Exposition Cotton Mills*, 47 Ga. App. 496, supra; *American Oil Co. v. Roper*, 64 Ga. App. 743, supra; *Leonard v. Firemen's Ins. Co.*, 100 Ga. App. 434, supra. As may be seen from a mere casual perusal of the cases which we have already cited, the formulation of a definitive rule workable upon application to all cases is most difficult, and the Georgia authorities, numerous as they may be, leave room for considerable doubt as to the proper application of the rule in particular cases. However, one clear distinction seems to have been made which is indicative of the scope and application of the rule, and that is the distinction between nonfeasance or the mere failure to perform the contract at all, and misfeasance or the negligent performance of the contract. *Orkin Termite Co. v. Duffell*, 97 Ga. App. 215, supra, at 217. As to the former of these the cases have fairly consistently held that it affords no basis for an action ex delicto, even though the failure to perform may have been characterized as negligent (*Louisville & Nashville R. Co. v. Spinks*, 104 Ga. 692 (1) (30 SE 968); *Atlanta Gas Light Co. v. Newman*, 88 Ga. App. 252, supra; *Orkin Termite Co. v. Duffell*, supra; *Kenimer v. Ward Wight Realty Co.*, 109 Ga. App. 130, supra), while in the latter a cause of action ex delicto may be had. *Frank Graham Co. v. Graham*, 90 Ga. App. 840 (84 SE2d 579). Though some may contend that in cases of misfeasance there is always a right to make such an election, no case expressly so holding has been found and such a holding being patently unnecessary to a decision of the question now before us, we are unwilling to go that far. There may be exceptions to the rule even in misfeasance cases. It is sufficient to say that the opposite appears to be more nearly the true rule, that is, that it is *only* in such cases that the right to elect between a tort action and a contract action exists.

From the authorities to which we have referred and from others which we have examined, the rule may be fairly deduced that in order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and

not merely the breach of a duty imposed by the contract itself. See, for example, 1 CJS 1107, Actions, § 49 (a), notes 60, and id. 1147, Actions, § 51 (a). This is consistent with the definition of a tort set forth in *Code* § 105-101. "Duty imposed by law" as used in this context means, of course, either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of the appellate courts of the State or jurisdiction involved. The question in this case then resolves itself to whether the petition sufficiently alleges the violation of such a "duty imposed by law."

The law imposes upon persons of professional standing performing medical, architectural, engineering, and those performing other and like skilled services, pursuant to their contracts made with their clients, an obligation to exercise a reasonable degree of care, skill and ability, such as is ordinarily exercised under similar conditions and like circumstances by persons employed in the same or similar professions. *Block v. Happ*, 144 Ga. 145 (2) (86 SE 316); *Porter v. Davey Tree-Expert Co.*, 34 Ga. App. 355, 356 (2) (129 SE 557). This is a duty apart from any express contractual obligation. Therefore, persons of this class performing services pursuant to their contracts with their clients have been held to be liable in tort for their negligence in failing to exercise the required degree of skill, and thus to be liable to a suit ex delicto under the doctrine applicable to the second category above referred to. *Housing Authority of Carrollton v. Ayers*, 211 Ga. 728, 733 (88 SE2d 368); *Bodin v. Gill*, 216 Ga. 467, 472 (1) (117 SE2d 325); *Fincher v. Davis*, 27 Ga. App. 494 (1) (108 SE 905); *Scott v. Simpson*, 46 Ga. App. 479 (1) (167 SE 920); Peerless Ins. Co. v. Cerny & Asso., 199 FSupp. 951, 953; Clemons v. Benzinger, 207 N.Y.S. 539, 543. In a proper case the question of whether the defendant exercised the required degree of skill is, like any other question of fact, to be decided by a jury. *Fincher v. Davis*, supra. We think then that it is clear that the petition in this case does allege the violation of a duty imposed by law under the principles which we have set forth above. Clearly, if the defendant undertook to perform the contract for the plaintiff in the manner alleged, a jury would be

authorized to find that he had failed to exercise such reasonable degree of care, skill and ability as is ordinarily exercised under the same or similar conditions and under like circumstances by engineers generally in practicing their professions. The petition stated a cause of action ex delicto as against the general demurrer interposed, and the trial court did not err in overruling the general demurrer.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*