42491. E. & M. CONSTRUCTION COMPANY, INC. v. BOB.

ARGUED JANUARY 4, 1967—DECIDED JANUARY 19, 1967—
REHEARING DENIED FEBRUARY 2, 1967

*Fryer & Harp, Joel J. Fryer, W. O. Rankin, III,* for appellant.
*William T. Brooks, James C. Abernathy,* for appellee.

HALL, Judge. The defendant contends that the petition does not allege a breach of duty imposed by law independent of the contract, and is predicated, as was the case of *Orkin Termite Co. v. Duffell,* 97 Ga. App. 215 (102 SE2d 629) on negligence in failing to perform the contract and not on the negligent performance of such contract, and therefore failed to set out a cause of action ex delicto. The above allegations show that the defendant commenced to perform the contract by removing siding from the house at a time when it could have been foreseen that damage would result if the house without siding was not protected from the elements, and that the defendant did not protect the property from such damage, which in fact re-

sulted. This is defective performance rather than failure to perform the alleged contract.

Independently of any duty under a contract, the law imposes upon a contractor the duty not to negligently and wrongfully injure and damage the property of another. *Monroe v. Guess,* 41 Ga. App. 697, 700 (154 SE 301). Accord *Mauldin v. Sheffer,* 113 Ga. App. 874, 880 (150 SE2d 150).

"One who undertakes by virtue of a contract to repair a chattel for another owes to such other the duty to use ordinary care in making such repairs so as not to endanger the lives and limbs of others by a negligent performance, the consequences of which may be foreseen by him." *Frank Graham Company v. Graham,* 90 Ga. App. 840 (2) (84 SE2d 579). The law would be inconsistent if it did not impose upon one who undertakes to repair real estate a like duty to use ordinary care in making the repairs not to endanger the persons or property of others.

"In any case there may be negligence in carrying out the contract or in failing to carry it out, and this negligent 'misfeasance' or 'nonfeasance' may hurt someone . . . in a way over and above the withholding of performance." 2 Harper and James, The Law of Torts 1050, § 18.6. See Prosser on Torts (2d Ed.) 478 et seq., § 81; 86 CJS 924, Torts, § 3; 38 AmJur 662, Negligence, § 20. Cf. *State Mut. Life &c. Assn. v. Baldwin,* 116 Ga. 855, 858 (43 SE 262); *Fain v. Wilkerson,* 22 Ga. App. 193 (95 SE 752); *Tapley v. Youmans,* 95 Ga. App. 161, 173 (97 SE2d 365).

Whether or not the plaintiff could bring a tort action for failure to perform the contract, this petition is based on negligence in performance undertaken and alleges a breach by the defendant of a duty imposed by law independent of the alleged contract.

The trial court did not err in overruling the defendant's general demurrer.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*