A94A2412. LANE et al. v. CORBITT CYPRESS COMPANY, INC.
(450 SE2d 855)

BLACKBURN, Judge.

Appellants, William H. Lane and Barbara B. Lane, commenced the underlying action against appellee, Corbitt Cypress Company, Inc. (Corbitt Cypress), to recover damages for the replacement of the roof on their principal residence based upon a breach of contract and of warranty and by amendment, in tort. The trial court granted summary judgment for Corbitt Cypress and this appeal followed.

The record reflects that the Lanes purchased "80 squares" of cypress shake shingles from Corbitt Cypress in early January 1983. These were for use in roofing their new home which was then under construction. The shingles were shipped with installation instructions which prohibited the use of felt between the shingle courses. The instructions specifically warned that the use of felt between shingle courses would result in the retention of moisture, causing roof deterioration. By 1990, shingle deterioration on the Lanes' roof necessitated the replacement of individual shingles. In late 1993, the deterioration was so extensive that the roof had to be replaced in its entirety at a cost of more than $27,000. A 1992 inspection of the roof conducted by

Corbitt Cypress, at the Lanes' request, resulted in a determination that the deterioration was attributable to improper installation in that felt had been used between shingle courses.

The Lanes contend that the grant of summary judgment was improper in that genuine issues of material fact exist on the issue of fraud. In particular, they assert that jury questions exist as to whether Corbitt Cypress passively defrauded plaintiffs by representing its shingles to be of "tidewater" quality, thereby tolling the applicable statute of limitation sufficiently to permit suit. We disagree.

"A tort is the unlawful violation of a private legal right *other than a mere breach of contract*, express or implied." (Emphasis supplied.) OCGA § 51-1-1. "Generally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort or authorize the aggrieved party to elect whether he will proceed ex contractu or ex delicto." *Mauldin v. Sheffer*, 113 Ga. App. 874, 877 (150 SE2d 150) (1966). In other words, "in the absence of injury to life or limb or damage to other property, only a cause of action in contract [is] available." *Kaiser Aluminum &c. Corp. v. Ingersoll-Rand Co.*, 519 FSupp. 60, 69 (S.D. Ga. 1981). See also *E & M Constr. Co. v. Bob*, 115 Ga. App. 127, 128 (153 SE2d 641) (1967).

In their original complaint, the Lanes asserted breaches of contract and warranty due to Corbitt Cypress' representations that its cypress shingles were of "tidewater" quality and would last 40 to 45 years. They then contended by amended complaint that "[defendant], either negligently or intentionally, failed to deliver to the plaintiffs prime, tidewater red cypress as he had agreed to do, thereby defrauding and damaging the plaintiffs."

The Lanes have not averred any injury independent of the contract or any damages other than to the shingles which were the subject matter of the underlying contract. They have not alleged or established any duty owed to them by defendant independent of the contract and the court properly granted summary judgment as to the tort claim and its tolling effect. *Kaiser*, supra at 69.

Plaintiffs failed to produce any evidence in support of their claim that defendant had specifically warranted that the shingles were "tidewater" cypress roofing shakes, or that they would last 45 years. Even if such warranties had been given, it is undisputed that defendant provided written installation instructions which specifically prohibited the use of felt between shingle courses and advised that such condition would result in the felt retaining moisture and the ultimate deterioration of the roof. The trial court did not err in granting defendant's motion for summary judgment.

At summary judgment a movant/defendant must demonstrate by reference to evidence in the record that there is an absence of evi-

dence to support at least one essential element of the non-moving party's case. Summary judgment is appropriate when the court, viewing all the facts and reasonable inferences therefrom in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to an essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 30, 1994.

*Bynum & Lewis, Joe H. Bynum, Jr.*, for appellants.
*Macey, Wilensky, Cohen, Whittner & Kessler, Susan L. Howick*, for appellee.