(121 App. Div. 143)

### VAN ORDEN v. MacRAE.

(Supreme Court, Appellate Division, Second Department. July 9, 1907.)

CONTRACTS—SUBSTANTIAL PERFORMANCE—BUILDING CONTRACTS—DEDUCTIONS FOR OMISSIONS.

A building contract substantially performed is sufficiently performed to authorize a recovery thereon, and deductions may be made from the contract price for small omissions or defects in the work, occurring in good faith.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1352, 1353, 1362.]

Appeal from Special Term, Suffolk County.

Action by Zabez E. Van Orden against Hugh MacRae. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

P. S. Dudley, for appellant.

T. M. Griffing, for respondent.

GAYNOR, J.   The learned trial judge made a finding of fact of substantial performance of the contract by the plaintiff, but deducted from his recovery an item of $100 to pay for covering some hot water pipes with asbestos, the obligation to do which was left uncertain by the words of the contract, another of $100 to repair damage to some stucco caused by it being laid on brick that was too moist. There is a deduction of another item which does not enter into the question of performance. The learned judge in doing so followed the law as it had been long laid down and followed in this state, especially in respect of building contracts, i. e., that substantial performance is performance, and that in such a case deductions may be made from the contract price for small omissions or defects in the work occurring in good faith. Glacius v. Black, 50 N. Y. 145, 10 Am. Rep. 449; Rowe v. Gerry, 112 App. Div. 358, 98 N. Y. Supp. 380; Ramstedt v. Brooker, 113 App. Div. 45, 98 N. Y. Supp. 1044. The contract price in this case was $29,400, to which was added about $3,000 for extra work. It cannot be said as matter of law that by reason of the omission and the defect for which the learned trial judge made a total deduction of $200 the contract was not performed, i. e., substantially performed, and that therefore the plaintiff cannot recover on a complaint for performance—has, in fact, forfeited the right to recover at all. There are cases where the omissions or defects are so large as to require a conclusion as matter of law that the contract was not substantially performed, or the same conclusion may be required by their being willful and intentional; but this is not such a case. The question here was one of fact, and the finding of the trial judge thereon is sufficiently supported. The trial was long, laborious and painstaking, and the result should not be disturbed.

The judgment should be affirmed.

Judgment unanimously affirmed, with costs.