## ROCHKIND et al. v. JACOBSON.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. CONTRACTS—PERFORMANCE—SUBSTANTIAL PERFORMANCE—DEFECTS IN PERFORMANCE.

In an action to recover the amount alleged to be due on a building contract, the complaint alleging performance of the contract, omissions or defects of a trifling nature will be disregarded, and deductions may be made from the contract price for minor omissions or defects, made inadvertently and in good faith, even though they are substantial, instead of judgment being given for defendant; but the omissions or defects may be such as to show themselves an intentional omission, so as to show as a matter of law that the contract was not substantially performed.

2. SAME.

In an action to establish and foreclose a mechanic's lien on property for the amount alleged to be due on a building contract, the complaint

alleging substantial performance, where the contract price for the ma-
terials furnished was $3,100, and the evidence showed that materials to
the value of $314 were not supplied as provided by the contract, it was
error to leave to the jury whether the omissions were substantial, and
to find as a fact, after the verdict, that the omissions were not substan-
tial, since the facts showed that plaintiff's performance was not substan-
tial as a matter of law.

Appeal from Special Term, Kings County.

Action by Samuel Rochkind, Abraham Cohen and Abraham Mirken,
copartners, comprising the firm of Rochkind, Cohen & Co., against
Judah Jacobson. From a judgment for plaintiffs, defendant appeals.
Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and MILLER, JJ.

William S. Maddox (Philip E. Goodfleisch, on the brief), for
appellant.

Abraham B. Schleimer, for respondents.

HOOKER, J. The action is to establish and foreclose a mechanic's
lien on real property. The complaint alleges substantial performance.
The plaintiff had judgment. The contract price was $3,100. There
has been allowed to the defendant $314 for work which the plain-
tiff has not performed, in order to complete the contract. This is
more than 10 per cent. of the contract price. Waiver of substantial
performance is neither pleaded in the complaint nor proved by any
satisfactory evidence. Under ordinary circumstances, and these in
the record are not extraordinary, a failure to perform 10 per cent.
of the contract price will not admit of the claim of substantial per-
formance.

The judgment should be reversed, and a new trial granted; costs
to abide the event.

Judgment reversed on the law and facts, and new trial granted; costs to
abide the final award of costs. All concur.

GAYNOR, J. (concurring). While in an action to recover the
amount alleged to be due on a building contract, on a complaint al-
leging performance of the contract, omissions or defects so trifling as
to come under the maxim that the law does not regard trifles will
be disregarded, and also deductions may be made from the contract
price for minor omissions or defects which occurred inadvertently
and in good faith and do not come under the class of trifles but are
substantial, instead of judgment being given for the defendant, that
is not the case before us. In the performance of such contracts such
omissions or defects may so occur in the multitude of details. But
on the other hand, there are cases where the omissions or defects
are so substantial and material as to require in and of themselves a
conclusion as matter of law that the contract was not substantially
performed, or where the same conclusion may be required by minor
substantial defects which, though not large and substantial enough
to show willful and intentional omission in and of themselves, were
nevertheless willful and intentional as matter of fact. Van Orden v.

MacRae, 121 App. Div. 143, 105 N. Y. Supp. 600. As the jury were charged in the present case, it appeared on the testimony for the plaintiffs that there were 36 fire escape ladders, and also 8 iron bar cellar grates or doors, not supplied and put in, all of the value of $314 at least. It was error to leave to the jury to find that these omissions were not substantial; and the finding of fact to that effect after the verdict of the jury, which was rendered on framed issues, came back to the equity part was also erroneous. The contention made for the plaintiffs here that the defendant prevented him from doing the omitted work is without any foundation in the evidence. There were also other omissions so substantial that they must be deemed willful and intentional.