NORTH AMERICAN WALL PAPER CO. v. JACKSON CONSTRUCTION CO., Inc., et al.   (No. 7129.)

(Supreme Court, Appellate Division, First Department.   May 7, 1915.)

**1. CONTRACTS ⬅319—ENFORCEMENT—SUBSTANTIAL PERFORMANCE.**

    The courts, on an allegation of full performance and a showing of the cost of performing the omitted work, will permit a recovery on the theory of substantial performance, in favor of one who has attempted in good faith to perform his contract, but has, through oversight, misunderstanding, or any excusable neglect, failed to completely perform in respects as to which the owner may be adequately indemnified by an allowance and deduction from the contract price for the work, but one who knowingly and willfully fails to perform his contract in any respect, or omits to perform a substantial part of it, cannot recover for the value of the work done; and hence one contracting for work to be done for $3,-200, and failing to perform work of the value of $450, about 14 per cent. of the contract price, failed as to a substantial part of the work, so as to defeat recovery on the theory of substantial performance.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. ⬅319.]

**2. MECHANICS' LIENS ⬅281—ACTION TO ENFORCE—SUFFICIENCY OF EVIDENCE.**

    In an action to foreclose a mechanic's lien for work done under a contract to do all of the painting and papering on apartment buildings, evidence *held* to show that the contractor did not, in good faith, endeavor to completely perform the contract, and failed to substantially perform work of the reasonable value of $450, with respect to varnishing the floors and enameling the bathrooms.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565–572; Dec. Dig. ⬅281.]

Appeal from Special Term, New York County.

Action by the North American Wall Paper Company against the Jackson Construction Company, Inc., and others. From a judgment entered upon a decision on a trial of the issues, except in so far as the same was in favor of defendant Sinnott, the Jackson Construction Company appeals. Findings of fact and conclusions of law and judgment modified, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Mortimer M. Menken, of New York City, for appellant.

Joseph G. Abramson, of New York City, for respondent.

LAUGHLIN, J.   This is an action to foreclose a mechanic's lien. The plaintiff sues in the right of the copartnership firm of Glick & Eckstein, who had a contract with the appellant for varnishing, painting, papering, and decorating three five-story apartment buildings, containing 93 apartments. The contract provided that the plaintiff's assignors should do all the work for the gross sum of $3,200. They were paid $2,150 on account, and the plaintiff by this action sought to foreclose the lien for the balance. It alleged complete performance by its assignors, excepting in so far as performance was waived. The principal questions litigated on the trial were concerning performance by

the plaintiff's assignors with respect to varnishing the floors, enameling the dadoes and tubs in the bathrooms, and painting the bathrooms, kitchens, and bedrooms. With respect to these matters, the plaintiff claimed full performance, and failed to give any evidence tending to show a waiver of complete performance. Testimony of a general nature was offered, in behalf of the plaintiff, tending to sustain its contention that the contract was fully performed in these respects; but more definite testimony was offered in behalf of appellant to the contrary, and the learned trial court found, and we agree with his determination, that it outweighs the evidence offered in behalf of the plaintiff. The court did not find, and on the evidence could not have found, that there was any waiver of performance with respect to this part of the work. The court did, however, find that the plaintiff's assignors performed their contract with the exception that they "did not complete the bathrooms and a number of the floors as required in and by the terms of the said agreement," and that by reason of their failure "to so complete said contract, the defendant Jackson Construction Company is entitled to a credit therefor of the sum of $450." Without any finding of good faith on the part of plaintiff's assignors, or that the work omitted was omitted through oversight or excusable neglect, the court sustained the lien for the balance of the amount unpaid, to wit, $600, and decreed a foreclosure.

The principal question presented by the appeal is whether, in view of the pleadings and of this finding with respect to the value of the work omitted by the plaintiff's assignors, from which plaintiff has not appealed, the judgment can be sustained. The omission aggregated about 14 per cent. of the entire contract price of the work. If the evidence showed, or tended to show, that the plaintiff was entitled to recover on the theory of substantial performance, we could, if the ends of justice required it, find substantial performance or grant a new trial. An examination of the evidence, however, convinces us that the plaintiff would not be entitled to recover even on the theory of substantial performance.

[1] The courts have been quite liberal in these suits in equity to sustain a cause of action in favor of one who has attempted in good faith to perform his contract, but has, through oversight, misunderstanding, or any excusable neglect, failed to completely perform in certain respects deemed unsubstantial, for which the owner may be adequately indemnified by an allowance and deduction from the contract price for the work, and in such case, on an allegation of full performance, permit a recovery on the theory of substantial performance, where the contractor shows the cost of performing the omitted work. Woodward v. Fuller, 80 N. Y. 312; Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238; Van Orden v. MacRae, 121 App. Div. 143, 105 N. Y. Supp. 600; affirmed 193 N. Y. 635, 86 N. E. 1134; Fox v. Davidson, 36 App. Div. 159, 55 N. Y. Supp. 524.

But there is a limit to the application of this rule, and a party who knowingly and willfully fails to perform his contract in any respect, or omits to perform a substantial part of it, cannot be permitted, under the guise of this rule, to recover for the value of the work done; and the trend of the more recent decisions is to hold the percentage of omit-

ted work may, in and of itself, be sufficient to show that there has not been a substantial performance. Rochkind v. Jacobson, 126 App. Div. 357, 110 N. Y. Supp. 583; Fuchs v. Saladino, 133 App. Div. 710, 118 N. Y. Supp. 172; Fox v. Davidson, supra; Mitchell v. Williams, 80 App. Div. 527, 80 N. Y. Supp. 864; Gomport v. Healy, 149 App. Div. 198, 133 N. Y. Supp. 689; and Van Orden v. MacRae, supra. It fairly appears by the evidence that after the plaintiff's assignors varnished some of the floors, the plaster fell from the ceilings without any fault on their part, and that the fall of the plaster and the work incident to removing it and to replastering and repairing the plaster injured the varnish. That, of course, would be no bar to a recovery; but by the terms of the contract the plaintiff's assignors guaranteed that the varnish would not "scratch or turn under water," and the uncontroverted evidence shows that they purchased and used an inferior brand of varnish, which would not hold firm when wet, although the same manufacturer made a higher priced varnish which would withstand water. The evidence shows that the varnish was unsuitable for this work, that it softened when wet and dried up and became loose and could be swept into piles. This is the evidence, doubtless, upon which the court predicated the finding of failure fully to perform with respect to the floors. The plaintiff's assignors were obligated by their contract to paint the walls of the kitchens and bathrooms with three coats of paint, and to paint the dadoes and the outside of the tubs in the bathrooms with three coats of paint "and an extra coat of Chicago eggshell enamel." General evidence was given on the part of the plaintiff tending to show complete performance of the work in the bathrooms, and also specific evidence was given in its behalf to the effect that a coat of eggshell enamel was put on the bathroom dadoes and the outside of the tubs after the painting, as provided in the contract. On the part of the appellant, however, testimony was given to the effect that this coat of enamel was not put on in any of the bathrooms, and that the cost of doing this work would be $325.50. The evidence is conflicting as to whether the other painting required to be done in the bathrooms was performed in accordance with the contract, and it would justify a finding that it was not so performed. It does not appear from the finding, made by the trial court, with respect to the failure of plaintiff's assignors to complete the bathrooms, whether the court intended to find that there was a failure to complete in both of these respects, or only in one. There is, however, ample evidence to sustain a finding that there was a failure to do the enameling required, and since performance of that work was not waived, it cannot be said that it was not a substantial part of the work, or that its performance was omitted through an oversight, as to which there is no evidence.

[2] We accept, therefore, the finding of the trial court to the effect that there was a failure to perform work of the value of $450 with respect to the floors and bathrooms, and on that finding, in view of the evidence to which we have alluded, we think the plaintiff was not entitled to recover, for it constituted a substantial part of the contract work. There is evidence tending to show that the plaintiff's assignors did not perform in other respects, which would have justified a finding to that effect. The evidence fairly shows a disregard on the part

of the plaintiff's assignors of their contract obligations and a deliberate attempt on their part to use material different from that required by the contract. It is claimed that there is evidence in the case tending to show that plaintiff's assignors did over certain work injured through no fault of theirs, but that was not satisfactorily shown; and, as no claim for extra work was asserted, we cannot attempt to even up the equities by making an allowance on account of such extra work.

It follows that the findings of fact and conclusions of law and judgment should be modified in accordance with these views, so that it will appear thereby that the plaintiff's assignors did not, in good faith, endeavor to complete performance of their contract, and did not substantially perform, and failed to perform, substantial and material work of the reasonable value of $450, and directing the dismissal of the complaint, with costs, but in all other respects allowing the judgment to stand in favor of the defendant Sinnott.

Settle order on notice. All concur.