Domenico D'Acchioli *vs.* George J. Cairo *et ux.*

MAY 13, 1958.

Present: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ

POWERS, J. This is an action in assumpsit. Trial was held before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the sum of $304.75 and costs. The case is before us on the defendants' bill of exceptions to the decision, to the denial of their motion for a continuance, and to certain evidentiary rulings.

The declaration is contained in the writ of attachment and alleges the common count "for certain work and labor, skill, care and diligence, there before that time done, performed and bestowed by the plaintiff for the defendant at the defendant's request * * *."

The plaintiff, a carpenter and within modest limits a general contractor, testified that in the summer of 1953 he inspected a house at the request of defendants and gave them a rough estimate of the cost of making certain reno-

vations to the existing structure together with new additions; and that in making the estimate he followed a plan or sketch of the changes and construction generally desired by defendants. He further testified that he was hired to do this work at an hourly rate of $2.25 and was authorized to engage an additional carpenter at $2.50 an hour and a laborer at $1.25 an hour; that he started work in August 1953; and that he continued sporadically until the work was completed in September of the following year. He also testified that he purchased all of the lumber and supplies and credited defendants with the discount received by him; that from time to time defendants would give him a check either for the exact amount owed to the concerns from whom lumber and materials were obtained, which money was paid to those concerns, or a check in excess of the amount due in which case the excess was credited to defendants' account for work and labor; and that from time to time he went over these bills with defendants.

It appears from his testimony that he made a daily record of the hours worked by him and the others in a book kept in the regular course of business, which book was admitted as plaintiff's exhibit No. 2, and that on completion of the job he transferred the data relating to the work for defendants to another book which was admitted in evidence as plaintiff's exhibit No. 1. It also appears that the original plans for renovating and new construction were changed from time to time in the interest of economy with the consent of defendants; and that the work was completed in September 1954 at which time defendants owed a balance for work and labor. He further testified that defendants made three additional payments in the months of November and December of that year totaling $619.26, leaving an unpaid balance of $345. He later changed his testimony to claim an unpaid balance of $404.36.

The defendant George Cairo testified that he believed they had a contract for all the renovations and construction

outlined in a plan prepared for the city of Providence on the basis of which a building permit was issued, and that all of this work was not to cost more than $3,000, including the cost of lumber and materials. Later he conceded that there was an agreement whereby plaintiff was to perform the work on an hourly basis.

A general contractor called by defendants as an expert testified that he had inspected the premises a short time previous to the trial; that he found the floor of the original structure sagging; and that in his opinion this was due to the manner in which the problem was approached and the failure to install "lalli" columns for the support of the center beam. He further testified that he would have approached the problem in another manner which in his opinion would have been more effective and no more expensive, and that it would cost approximately $850 to eliminate or correct a sagging which now existed in the floor of the structure. He testified that except for a poorly-hung door and the failure to install an eight-inch piece of baseboard he could not be critical of the interior workmanship.

The defendants' son testified that he helped by stripping the inside of the existing structure and that plaintiff did no work on the job in August 1953.

The defendants' first ten exceptions relate to the exclusion of testimony offered by them but since they have waived exceptions 2, 3, 4, 5 and 7, they are not considered here.

Exceptions 1 and 6 are based on the exclusion by the trial justice of questions asked by defendants. The first question was subsequently answered and the question on which the sixth exception is founded was immaterial. In any event there was no offer of proof. *Callan* v. *Peck*, 37 R. I. 227; *O'Malley* v. *Commonwealth*, 182 Mass. 196. These exceptions are overruled.

Exceptions 8, 9 and 10 were taken when the court refused to admit defendants' testimony in rebuttal which was not

properly within the scope of rebuttal testimony. It is within the power of the trial justice to regulate the order of proof. *State* v. *Falcone,* 41 R. I. 399, 402; *Gillogly* v. *New England Transportation Co.,* 73 R. I. 456, 463. These exceptions are overruled.

The defendants' eleventh exception is to the denial of their motion for a continuance in order that they might subpoena certain records. It is a well-settled principle that the granting of such a motion is within the discretion of the trial justice and his denial will not be reversed unless there is a clear abuse of discretion. *Williams* v. *Altruda,* 74 R. I. 47; *Anthony* v. *Anthony & Cowell Co.,* 40 R. I. 1; *Wolfe* v. *Wolfe,* 104 Atl. (R. I.) 689. We have examined the transcript and it is clear that the trial justice was aware that the records which were to be produced, if the continuance were granted, would not serve the purpose for which they were to be introduced and consequently would be immaterial and irrelevant. We are of the opinion that the denial of defendants' motion was not an abuse of discretion and their eleventh exception is overruled.

The defendants' twelfth exception is to the decision of the court awarding $304.75 and costs to plaintiff. It is well settled in this state "that findings of fact on conflicting evidence by a trial justice sitting without a jury are entitled to great weight and should not be disturbed or set aside unless they are clearly wrong." *Mitsmenn* v. *Mitsmenn,* 82 R. I. 23, 27.

The record of the case at bar is replete with conflicting testimony but it does establish that plaintiff performed a substantial amount of work for defendants; that with their consent he hired and paid for the services of another carpenter and laborer; and that all of the services, including his own, were at an hourly rate. We are of the opinion that the trial justice was not clearly wrong and that his decision should stand.

The parties advise this court that the trial justice took

a view of the premises and defendants complained that he failed to give any weight to his personal observations, or at least failed to refer to them, in reaching a decision for plaintiff. It is not prejudicial to defendants that he did not. It cannot be assumed that the aid which he received from the view in assaying all of the evidence was completely ignored by him. A view does not supply evidence; it is only an aid in the understanding of it. *Rietzel* v. *Cary,* 66 R. I. 418.

The defendants' further complaint that the trial justice did not refer to the testimony of the expert witness is likewise not prejudicial. In our opinion such testimony does not contradict plaintiff's basic testimony in any particular. The trial justice was not required to give any special weight or consideration to the testimony of this witness. *Ashton* v. *Tax Assessors,* 60 R. I. 388; *State* v. *Supers,* 77 R. I. 251.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Raymond A. LaFazia,* for plaintiff.

*John P. Bourcier,* for defendants.