210 A.2d 121.

MILTON W. FERRIS *vs.* ROY C. MANN *et al. d.b.a.* M & C
CONSTRUCTION CO.

ROY C. MANN *et al. d.b.a.* M & C CONSTRUCTION CO. *vs.*
MILTON W. FERRIS.

MAY 13, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PowERS, J. These are cross actions of assumpsit to recover damages allegedly arising out of a building contract entered into between the parties. The cases were consolidated for trial to a superior court justice sitting without a jury and resulted in a decision for the plaintiff in each case. They are before us on the bills of exceptions of Milton W. Ferris as the plaintiff in one action and the defendant in the other and the sole exception in each case is to the decision.

The record establishes that on February 13, 1959, Milton W. Ferris, hereinafter referred to as the "owner," and Roy C. Mann and George W. Cook, d.b.a. M & C Construction Co., hereinafter referred to as the "builders," entered into a contract for the rebuilding of a house extensively damaged by fire and located on Old Usquepaugh Road in the town of Richmond, Rhode Island. The stated consideration was $8,700 and the work was to be completed within five months of the date it was started but not later than April 16, 1960.

The parties stipulated that work did commence on November 16, 1959, but the owner decided on certain changes which were incorporated in a second agreement dated April 6, 1960 and the consideration was increased to $10,800. Although the April 16, 1960 completion date was not extended by the amended agreement, the owner orally from time to time extended the period for completion until by letter dated August 21, 1960 he notified the builders that the time would not be extended beyond the following September 1. This letter complained of inactivity, pointed out lack of excuses for delay and, referring to the five months' limitation contained in the agreement, insisted that time was of the essence.

The record further discloses that the work was not completed by September 1, 1960 and thereafter the owner withdrew the key to the house from where it was customarily left for the builders' use, thus making it impossible for the latter to continue.

The owner heard nothing from the builders for some time after sending the August 21, 1960 letter. He testified that, when he did hear, the builders informed him there was no money left to complete the job and considerable work remained unfinished; that he thereupon went to the offices of the United Builders Supply Company in Westerly where $10,706 had been deposited; and that upon learning only $137.81 remained for the completion of the work he withdrew and closed out the account.

It is also his testimony that before calling in Richard Thibodeau, another contractor, to estimate the amount and nature of the unfinished work, he laid out money for materials and supplies in finishing part of the work himself. A paper purporting to show the nature and amount of the work done by the owner and the expenses in connection therewith was admitted in evidence, together with two other instruments, one showing work remaining when Thibodeau inspected the property and the other work completed but in an unworkmanlike manner.

Mr. Thibodeau testified that about a year after the work had stopped he inspected the premises at the owner's request and made a list of the items to be considered in bringing the work up to the contract specifications, and that in his opinion the completion of these items would involve an expenditure of $1,339.50.

The defendant builders denied that the owner ever complained about the workmanship and insisted that very little remained to be done when the job was terminated. They flatly contradicted the testimony of the owner and Mr. Thibodeau as to the damages allegedly sustained by the owner.

On this summary of the evidence in the case of the owner as plaintiff the trial justice awarded damages in the sum of $1,339.50. This was the estimate of the witness Thibodeau and it related to the owner's claim of work remaining to be finished as well as to work which had been completed but in an unworkmanlike manner. No serious contention is made by the owner that the trial justice's decision is erroneous in this regard.

However, he does contend that the trial justice overlooked or disregarded the exhibit which was admitted in evidence and set forth the expenses of the owner prior to the time the premises were inspected by the witness Thibodeau, citing *Lannon* v. *Lannon*, 86 R. I. 451, and *Blackstone Valley Gas & Electric Co.* v. *Rhode Island Power Transmission Co.*, 64 R. I. 204, for the proposition that the failure of the trial justice to consider all the evidence constitutes prejudicial error.

Our reading of the last-cited case fails to disclose any particular or even remote association with the proposition on which the owner relies. However, the principle advanced by him unquestionably states the rule in this jurisdiction. In the circumstances of the instant case, however, the owner takes nothing by the rule.

The instrument referred to in the record as exhibit 4 was clearly not admitted as a full exhibit and it is apparent from the colloquy between counsel and the trial justice that plaintiff understood the limited purpose for which it was received. The builders objected to its introduction because it contained not merely a listing of the items which the owner claimed to have purchased but the amount paid for each such item as well. They pointed out that it was a self-serving statement prepared by the owner for purposes of trial and the information therein contained could be properly received in evidence only if supported by testimony. Counsel for the owner acknowledged the correctness

of this proposition and stated that he would follow it up by asking the proper questions of the owner. Thus, on the understanding of the parties and the ruling of the trial justice, it is obvious that he received the instrument only for a limited purpose. The only testimony by the owner with regard thereto, however, was limited to an affirmative response when asked if he had paid for the materials and supplies enumerated in the limited exhibit.

It is a well-established principle that one who sues to recover such damages has the burden of proving the reasonable value of the materials and labor in question. *Sullivan* v. *District of Columbia Paper Mills, Inc.*, 67 R. I. 330, and *Russolino* v. *A. F. Rotelli & Sons, Inc.*, 85 R. I. 160.

Here the enumerated materials and supplies contained in the so-called exhibit were, the owner testified, purchased by him although they are set forth in the contract as amended as part of the builders' obligation. He offered no testimony, however, as to the reasonableness of what he paid for them, relying solely in that regard on the information appearing in the memorandum prepared by him.

Therefore, although the trial justice made no reference to this memorandum and it might be assumed that he overlooked it, such assumption would be of no assistance to the owner, since it was without probative force and entitled to no weight. In these circumstances the trial justice cannot be said to have overlooked or misconceived material evidence on the question of damages. The owner's exception as plaintiff, therefore, is without merit and overruled.

We are constrained to conclude, however, that his failure to consider it in the cross action constitutes reversible error. The builders brought their action to recover an unpaid balance allegedly due on the contract as amended and for certain extras furnished and services performed at the owner's request which were allegedly not part of the builders' contractual obligation.

The parties were in sharp conflict as to the extent and nature of the work remaining when the builders' operations ceased and whether the completed work had been done in a workmanlike manner. The owner did concede several extras, but relied on the specifications incorporated in the contract as amended to prove that the builders' claim for other extras should not be allowed.

The trial justice reviewed the evidence, compared the provisions of the contract as amended with the builders' claim for extras and, disallowing those claims refuted by the written agreements, awarded the builders $675 for extras, proof of which he found to have been established. We have carefully examined the evidence and cannot say that he was clearly wrong. We hold, therefore, that the owner's exception to the decision on the question of the award for extras is without merit.

However, the trial justice also awarded $352.93 as the unpaid balance due to the builders on the stated consideration of $10,800 had they completed their contract. We can only conjecture that the trial justice awarded this amount on the principle of substantial performance. He made no finding, however, that there was substantial performance, nor did he make any findings from which such an inference could be drawn. To the contrary he awarded a substantial sum to the owner as representing the expense involved for the completion of the work contracted. Moreover, he gave no consideration in reaching the figure of $1,339.50 to what he might reasonably have referred were the expenditures for those items listed in exhibit 4. While in the case of the owner as plaintiff we have held that he was not entitled to recover the alleged damages represented by said exhibit, that holding was premised on a lack of competent evidence tending to show the reasonable value of the items involved.

There is, however, competent evidence to prove that said items were the legal obligations of the builders, and further

636

that these obligations were not met as required by the contract as amended. The significance here is that considerably more remained to be done by the builders than was considered by the trial justice in reaching a decision that they were entitled to recover the balance due on the contract under the doctrine of substantial performance.

The common-law rule that there must be complete or absolute performance with the terms of a building contract for plaintiff to recover the agreed consideration has long since been relaxed in this country. It has been repeatedly held in a number of jurisdictions that where the builder has not wilfully deviated from the specifications of a contract and all that remained to be done in order to constitute performance within the meaning of the contract is of a trivial or minor nature, the builder is entitled to recover the contract price with adjustments made by the court to compensate defendant for the unfinished or unsatisfactory work. See *Connell* v. *Higgins,* 170 Cal. 541, *Sgarlat* v. *Griffith,* 349 Pa. 42, and *Pelletier* v. *Masse,* 49 R. I. 408.

This rule has also been adopted in New York. *Cramer* v. *Esswein,* 220 N. Y. Supp. 634. In *North American Wall Paper Co.* v. *Jackson Construction Co.,* 153 N. Y. Supp. 204, however, acknowledging the validity of the substantial performance doctrine, the court held that a builder who omits to perform a substantial part of his obligation under the contract is not entitled to the benefit of the rule, and further that the percentage of the omitted work may in and of itself be sufficient to show that the performance was not substantial. There the court held that 14 per cent of a $3,200 consideration was sufficient to bar recovery of the contract price on a theory of substantial performance.

In the instant case the agreed price was $10,800 and the trial justice found that $1,339.50 would be required to complete the work and make adjustments for work performed in an unworkmanlike manner. He gave no consideration,

however, to evidence offered by the owner that considerably more remained to be done which the owner had corrected prior to the estimate of $1,339.50 by contractor Thibodeau. Whether a determination of substantial performance could be made if this evidence were also considered as it should have been is open to question. In passing on that question, therefore, the trial justice erred in failing to consider the evidence relating to the items contained in the so-called exhibit as it related to the right of the builders to recover the balance of $352.93 awarded on the theory that there had been substantial performance.

We hold, therefore, that the owner's exception to the decision as it relates to the award of extras is without merit but should be sustained on the issue of the builders' right to recover the unpaid balance.

In Roy C. Mann et al. d.b.a. M & C Construction Co. v. Milton W. Ferris, the defendant's exception is sustained to the extent above set forth but is otherwise overruled, and the case is remitted to the superior court for a new trial limited, however, to the issue of substantial performance.

. In Milton W. Ferris v. Roy C. Mann et al. d.b.a. M & C Construction Co., the plaintiff's exception is overruled and the case is remitted to the superior court for entry of judgment on the decision.

*Archibald B. Kenyon, Jr., Leonard F. Clingham, Jr.,* for Milton W. Ferris.

*Weintraub, Rosenstein & Levin, Harold I. Kessler,* for Roy C. Mann et al.