351 A.2d 837.

ADOLPH DiMARIO *vs.* RALPH W. HEEKS *et ux.*

FEBRUARY 17, 1976.

PRESENT: Paolino, Acting C. J., Joslin and Kelleher, JJ.

JOSLIN, J. The plaintiff-contractor agreed in writing to remodel and build an addition to the defendant-owners' residence for approximately $10,745 of which all but $3,185 has been paid. When the owners refused to pay that balance, the contractor commenced two suits in the Superior Court. One was a civil action to recover the balance due on the contract; the other a miscellaneous petition to enforce a mechanics' lien for labor and materials furnished.[1] The owners defended on the ground that the contractor was guilty of a material breach and, in addition, counterclaimed for the cost of making good the contractor's alleged failure to perform as promised.

The contractor's two suits and the owners' counterclaim were heard without a jury by a trial justice who found in essence that the contractor's performance, though complete, was so unworkmanlike and defective as to constitute less than substantial performance of his obligations and that the owners were therefore justified in refusing to pay the final installment due on the building contract. He further found that notwithstanding the contractor's ma-

---

[1] Super. R. Civ. P. 81(a)(1) provides that the Rules of Civil Procedure are inapplicable during the process and pleading stages of petitions for the enforcement of mechanics' liens.

terial breach, the owners had not produced any probative evidence of the cost of making good the contractor's defaults and hence were entitled to no more than nominal damages on their counterclaim.

Only the contractor has appealed, and his sole contention, as we understand it, is that the owners' failure to establish their right to anything but nominal damages entitles him, irrespective of whether he substantially performed, to a judgment for the balance due on the contract less the $200 he conceded to be the sum required to make his performance full and exact. The flaw in this argument is, of course, that a contractor cannot recover on a building contract unless he has substantially performed and that any lesser degree of performance will not suffice. *Ferris* v. *Mann,* 99 R. I. 630, 636, 210 A.2d 121, 124 (1965); see *Carpenter* v. *Gay,* 12 R. I. 306, 307-08 (1879).[2]

For the contractor to recover in the civil action depends, then, upon whether he has substantially performed his contract, and not upon what the owners may prove on their counterclaim. On that score the trial justice specifically found that the contractor's work on the stairway, the dormer and the bathroom was defective; that the old structure had not been properly aligned with the new; and that because of those shortcomings, the contract had not been substantially performed. But a mere enumeration of deficiencies and a labelling of them collectively as unsubstantial fails to recognize that the evaluation of a contractor's performance as substantial or unsubstantial is not simple but rather is "a matter of degree," and should be made "relatively to all the other complex factors" in a case. 3A Corbin, *Contracts* §704 at 318 (1960).

---

[2]There are jurisdictions which permit a contractor, even though he has not substantially performed, to recover, not on the contract itself, but for the reasonable value of his performance less the owners' damages. *Britton* v. *Turner,* 6 N. H. 481 (1834); *Kirkland* v. *Archbold,* 68 Ohio L. Abs. 481, 113 N.E.2d 496 (Ct. App. 1953).

Here the trial justice's determination that the contractor did not substantially perform should therefore have been based upon a more thorough consideration of the extent and degree of nonperformance. This does not mean that there will not be instances where the work remaining to be done is so extensive or the quality of what has been done so poor that the performance may rather easily be characterized as unsubstantial, *cf. Ferris* v. *Mann, supra* at 636, 210 A.2d at 124. Nothing in the trial justice's bench decision or the parties' briefs or oral arguments, however, points to anything in the transcript or the exhibits indicating that this is such a case. Instead this case, like most cases, necessitated a careful quantitative and qualitative comparison between what was done and what should have been done. Nonetheless, the trial justice neglected to relate the work he found improperly performed to the total promised performance. Additionally, he rejected as lacking in probative force the owners' evidence of the cost of a partial curing of the deficiencies[3] and thereby prevented any comparison between that cost and the total contract price.[4] In short, he failed to engage in the relative determination process and in our judgment that omission deprives his ultimate conclusion

---

[3]The owners' witness testified to the effect that the carpentry work would cost between approximately $850 and $2,100, depending on the hourly wage, which might range from $3.50 to $7.00 for nonunion labor, and $8.76 for a union carpenter. This amount was exclusive of the necessary electrical, plumbing and other repairs.

[4]In *Ferris* v. *Mann*, 99 R. I. 630, 210 A.2d 121 (1965), we held in effect that the total cost of completing work undone and rectifying work improperly done should have been considered in determining whether there had been substantial performance.

of unsubstantial performance of the kind of evidentiary support it requires to entitle it to great weight on review.[5]

Moreover, his specific findings of improper performance appear to rest, at least in part, upon what he observed on a view of the job site, rather than upon the testimony of witnesses, and to that extent his conclusion that the contractor was guilty of a material breach is not validly predicated. *Corrado* v. *Providence Redev. Agency*, 110 R. I. 549, 556-57, 294 A.2d 387, 390-91 (1972); *D'Acchioli* v. *Cairo*, 87 R. I. 345, 350, 141 A.2d 269, 272 (1958).

In these peculiar circumstances it seems to us that there must be a remand of the civil action to the trial court for a redetermination of the question of substantiality in the light of the relative extent, degree and value of the improper performance. If that redetermination results in establishing that the contractor substantially performed, he may recover the contract price, less a fair allowance to the owner for defective work. 6 Williston, *Contracts* §842 at 167 (3d ed. 1962). While the trial justice dismissed the petition for the enforcement of a mechanics' lien, he made no findings whatsoever in connection therewith and indeed did not even discuss it. Hence, that petition, too, must be retried.

The plaintiff's appeals are sustained, the judgments appealed from are reversed, and the cases are remitted to the Superior Court for further proceedings.

---

[5]The trial justice also discounted the testimony introduced by plaintiff indicating that $200 would be sufficient to remedy performance. This testimony was premised on contractual modifications which the trial justice found had not been made.

Mr. Chief Justice Roberts participated in the argument but retired prior to the announcement of the decision. Mr. Justice Doris did not participate.

*Abatuno & Chisholm, Thomas F. Fogarty, Jr., Howard L. Feldman,* for plaintiff.

*Alton W. Wiley,* for defendants.