**NATIONAL CHAIN COMPANY**

v.

**John J. CAMPBELL et al.**

**82–393–Appeal.**

Supreme Court of Rhode Island.

Jan. 30, 1985.

is not now in dispute, except in respect to the    counterclaim.

R. Kelly Sheridan, Jr., William M. Heffernan, Roberts, Carroll, Feldstein & Tucker, Providence, for plaintiff.

Paul K. Sprague, Robinson & Sprague, Warwick, for defendant.

## OPINION

SHEA, Justice.

This is an appeal from judgments entered after a jury trial in Superior Court. The judgments awarded nominal damages of $1 to plaintiff, National Chain Company (National), and the sum of $400 on his counterclaim to the defendant, John J. Campbell (Campbell). National had sought to recover damages based on breach of contract and negligence, alleging that Campbell failed to perform in a workmanlike manner. Campbell had counterclaimed for the cost of services rendered. We reverse and remand for retrial on all issues.

National is a jewelry manufacturer with offices located in Warwick, Rhode Island. Campbell was hired to wallpaper the offices of National's president with wallcovering that had been previously purchased by National. The terms of the agreement were that Campbell would be paid on a time-spent basis. Upon completion of the job, the evidence shows that the wallpaper had ragged edges, that there were gaps at the seams, that it was curled up at the edges, and that it had glue stains, contact cement, and staples on it. National refused to pay Campbell and brought suit for recovery of the amount it had paid for the wallpaper and for the costs incurred in removing it and repairing the wall surface damaged by Campbell. National's complaint contained a second count based on negligence.

National's expert, Kenneth Normandin, an experienced wallpaper hanger, testified at trial about the quality of Campbell's work. It was his opinion that the gaps at the seams were caused by Campbell's failure to permit the material to dry and shrink to its normal shape before the seams were cut. In his words, "[I]t was just [a] terrible looking job." Normandin submitted an estimate for removing the wallpaper and preparing the walls for new wallpaper in the amount of $756, of which $300 was for stripping and preparing the walls. The balance was for installing new wallcovering for which National makes no claim.

National's first claim of error arises out of the trial justice's charge to the jurors that if they found for plaintiff, they could only award nominal damages in the amount of $1 because National had not produced any probative evidence of the original contract price. In his charge, he told the jury:

"There is no evidence in this case of what the cost would have been had Mr. Campbell properly completed his contract to paper the offices involved which National Chain contends he breached * * *.

"National Chain failed to prove the reasonable cost of properly performing that portion of the contract which National Chain says Mr. Campbell breached; and so, you cannot apply the formula for damages which the law places, and that is the cost of correction and completion less the cost of the plaintiff performing the job properly without your guessing or speculating * * *.

"I am instructing you that they failed in that duty to prove damages, and that you will not be allowed to bring back, even if you find a contract existed between National Chain and John J. Campbell, and even if you find that Mr. Campbell breached that contract by failing to perform it in a workmanlike fashion, you will—if that be your finding, then I instruct you to bring back a verdict in the amount of One Dollar in nominal damages for National Chain because National Chain failed in its burden of proof on damages."

The amount of damages sustained from a breach of contract must be proven with a reasonable degree of certainty, and the plaintiff must establish reasonably precise figures and cannot rely upon specula-

tion. Restatement, *Contracts* § 331(1) (1932). The burden of proof therefore is on plaintiff to prove, by competent evidence, the amount of damages that it suffered because of defendant's failure to perform. *Smith v. Zepp*, 173 Mont. 358, 370, 567 P.2d 923, 930 (1977). However, "[p]laintiffs will not be denied recovery merely because the damages * * * are difficult to ascertain, as long as they prove damages with reasonable certainty." *Id.*

█ It is apparent from the instruction given that the trial justice failed to consider the testimony and evidence of National's expert concerning what the cost of repairing the walls would be apart from the expenses involved in hanging new wallcovering. In addition, he gave no consideration to National's evidence of the cost of the damaged wallpaper initially purchased by National in the amount of $1,981.14.[1] Furthermore, since National was seeking only the cost of the ruined wallcovering and the cost of repairing the damaged wall surface, this instruction was inappropriate. Since the instruction given has no relation to National's claim for damages, it was error and will require a new trial.

█ The underlying rationale in breach-of-contract actions is to place the innocent party in the position in which he would have been if the contract had been fully performed. *George v. George F. Berkander, Inc.*, 92 R.I. 426, 430, 169 A.2d 370, 372 (1961). A major consideration in determining the proper measure of damages is whether the contractor has substantially performed so that the purpose of the contract is accomplished. *Plante v. Jacobs*, 10 Wis.2d 567, 570, 103 N.W.2d 296, 298 (1960). This general principle gives rise to National's second claim of error. The trial justice refused to instruct the jury that Campbell could not recover on his counterclaim unless he had substantially performed the contract in a workmanlike manner. The trial justice ruled that although the contractor could not recover on the contract, he could recover in quantum meruit or quasi-contract.

█ It is well settled that when a builder has substantially performed, he can recover the contract price less the amount needed by the owner to remedy the defect. *Ferris v. Mann*, 99 R.I. 630, 636, 210 A.2d 121, 124 (1965). The doctrine of substantial performance recognizes that it would be unreasonable to condition recovery upon strict performance where minor defects or omissions could be remedied by repair. This formula is inappropriate, however, in situations in which the contractor's performance is worthless and the work has to be redone completely. In these situations, the contractor is liable for the cost to the owner of having the job redone. *Scheppegrell v. Barth*, 239 La. 42, 117 So.2d 903 (1960); *Rosier v. Escue*, 48 So.2d 687 (La. Ct.App.1950); 13 Am.Jur.2d *Building and Construction Contracts* § 78 (1964); Annot., 76 A.L.R.2d 827 (1961). To recover on an action in quantum meruit, it must be shown that the owner derived some benefit from the services and would be unjustly enriched without making compensation therefor. *Montes v. Naismith and Trevino Construction Co.*, 459 S.W.2d 691, 694 (Tex.Civ.App.1970).

█ We adhere to the rule enunciated in *DiMario v. Heeks*, 116 R.I. 44, 46, 351 A.2d 837, 838 (1976), that "a contractor cannot recover on a building contract unless he has substantially performed and that any lesser degree of performance will not suffice." In our view, consideration of the doctrine of substantial performance is warranted by the evidence in the record before us. Whether there has been substantial performance is a question of fact for the jury to resolve relying on all the relevant evidence. *Little Thompson Water Ass'n v. Strawn*, 171 Colo. 295, 466 P.2d 915 (1970). It was error for the trial justice in this case to withhold that instruction from the jury.

---

**1.** A representative of State Office Supply, from whom the wallcovering was purchased, testified at trial to the fair and reasonable value of the wallpaper.

Finally, National claims error in the trial justice's refusal to submit count 2 of its complaint to the jury. That count alleged that Campbell had a duty to use ordinary and reasonable care in performing the work he had agreed to do.

In *Buszta v. Souther*, 102 R.I. 609, 232 A.2d 396 (1967), this court held that a party who fails to exercise reasonable care in carrying out a contract may be liable in tort as well as contract for resulting harm. A case in point cited by National is *E. & M. Construction Co., Inc. v. Bob*, 115 Ga.App. 127, 153 S.E.2d 641 (1967). That case involved a contract to re-side and repair the plaintiff's home. The plaintiff sued for resulting property damage to the house caused by removal of siding during the winter and failure to replace it. The Appeals Court said:

"[T]he law imposes upon a contractor the duty not to negligently and wrongfully injure and damage the property of another.

" 'One who undertakes by virtue of a contract to repair a chattel for another owes to such other the duty to use ordinary care in making such repairs so as not to endanger the lives and limbs of others by a negligent performance, the consequences of which may be foreseen by him.' *Frank Graham Company, Inc. v. Graham*, 90 Ga.App. 840(2), [84 S.E.2d 579 (1954)]. The law would be inconsistent if it did not impose upon one who undertakes to repair real estate a like duty to use ordinary care in making the repairs not to endanger the persons or property of others." *Id.* at 128, 153 S.E.2d at 642–43.

The evidence in this case establishes that Campbell owed a duty to use reasonable care not to damage National's property. National's expert testified about the method and care to be used in applying the type of wallcovering involved. He also testified about what had to be done to correct the job. Clearly, there was an issue of fact to go to the jury. The instruction given to the jury that count 2 stating a

claim in negligence was inapplicable to this case was error.

For these reasons, the plaintiff's appeal is sustained, the judgments entered below are vacated, and the case is remanded to the Superior Court for a new trial on all issues.