**Sharon L. RUSSELL,**
**Plaintiff, Appellee,**

v.

**SALVE REGINA COLLEGE,**
**Defendant, Appellant.**

**Sharon L. RUSSELL,**
**Plaintiff, Appellant,**

v.

**SALVE REGINA COLLEGE, et al.,**
**Defendants, Appellees.**

Nos. 89–1564, 89–1597.

United States Court of Appeals,
First Circuit.

Submitted June 6, 1991.

Decided July 11, 1991.

Steven E. Snow and Partridge, Snow & Hahn, on brief, Providence, R.I., for Salve Regina College, et als.

Edward T. Hogan and Hogan & Hogan, on brief, East Providence, R.I., for Sharon L. Russell.

Before TORRUELLA, Circuit Judge, and TIMBERS,* and BOWNES, Senior Circuit Judges.

TIMBERS, Circuit Judge:

On March 20, 1991, the Supreme Court entered judgment, 111 S.Ct. 1217 (1991), reversing our opinion and judgment dated November 20, 1990, 890 F.2d 484, and remanding the case to us for further proceedings consistent with the Supreme Court opinion.

In our previous opinion, we affirmed the judgment of the district court and held, "[i]n view of the customary appellate deference accorded to interpretations of state law made by federal judges of that state," that the "district court's determination that the Rhode Island Supreme Court would apply standard contract principles" to the contract at issue between a college and a nursing student "was not reversible error." *Id.* at 489.

The Supreme Court directed us to review the question of Rhode Island contract law *de novo,* holding that:

> "The obligation of responsible appellate review and the principles of a cooperative judicial federalism ... require that courts of appeals review the state-law determinations of district courts *de novo.* The Court of Appeals in this case

---

* Of the Second Circuit, sitting by designation.

therefore erred in deferring to the local expertise of the District Court."

111 S.Ct. at 1225.

We conclude, having now reviewed the district court's analysis *de novo*, that the district court correctly held that the Rhode Island Supreme Court would have applied the doctrine of substantial performance to the contract at issue in this case.

For the reasons which follow, therefore, our previous judgment affirming the judgment of the district court is reinstated and our previous opinion is reinstated as modified.

I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on this remand from the Supreme Court.

Salve Regina College ("Salve Regina" or the "College") admitted Sharon Russell under an early admissions plan. In her application, Russell stated her weight to be 280 pounds. From the outset, she made it clear that her goal was admission to the College's Nursing Program. She was accepted into that program in 1983, the start of her sophomore year.

In the fall of 1984, the start of Russell's junior year, the College began pressuring her to lose weight. The College tried to get Russell to sign a "contract" stating that she would attend Weight Watchers, a weight-loss program, and to prove it by submitting an attendance record. Russell offered to try to attend weekly but refused to sign a written promise. She apparently did attend Weight Watchers regularly but did not lose significant weight. One of her clinical instructors gave her a failing grade in the first semester of her junior year for reasons which the jury found were related to her weight rather than her performance.

According to the rules of the Nursing Program, failure in a clinical course generally resulted in expulsion from the program. School officials, however, offered Russell a deal whereby she would sign a weight-loss "contract" similar to the one she had rejected earlier, but with the addi-

tional provision that she must lose at least two pounds per week to remain in good standing at the College. The "contract" provided that the penalty for failure to comply would be immediate withdrawal from the program. Confronting the choice of signing the contract or being expelled, Russell signed the contract.

Russell apparently complied with the terms of the weight-loss agreement during the second semester of her junior year by attending Weight Watchers weekly and submitting proof of attendance, but she failed to lose two pounds per week. She nevertheless was allowed to complete her junior year.

During the following summer, however, Russell apparently did not maintain satisfactory contact with College officials regarding her weight-loss efforts, nor did she lose any additional weight. She was asked to withdraw "voluntarily" from the Nursing Program prior to her senior year and did so. She transferred to a nursing program at another school and, because of that school's two-year residency requirement, was compelled to repeat her junior year. Russell completed her college education successfully in 1987 and is now a registered nurse.

Soon after her departure from Salve Regina, she commenced the instant action. The district court judge originally assigned to the case granted summary judgment to the College on five counts of Russell's original complaint. Trial proceeded on the remaining counts. The district court then entered a directed verdict for the College on Russell's invasion of privacy and intentional infliction of emotional distress claims, but allowed her breach of contract claim to go to the jury. The jury rendered a verdict in favor of Russell on the contract claim which is the only one involved on this remand.

In its original appeal to this court, the College did not dispute that a student-college relationship is essentially a contractual one. Rather, it challenged the district court's jury charge regarding the terms of the contract and the duties of the parties.

The district court, in its jury charge, had boiled the agreement between the parties down to one in which Russell was required to abide by disciplinary rules, pay tuition and maintain good academic standards, and the College was required to provide her with an education until graduation. The court also informed the jury that the agreement was modified by the weight-loss contract the parties signed during Russell's junior year. The jury was told that if Russell "substantially performed" her side of the bargain, the College's actions constituted a breach. The district court held that the Rhode Island Supreme Court would apply the substantial performance standard to the contract in question.

The jury found that Salve Regina had breached its contract with Russell by expelling her. The court entered judgment on the verdict, denying the College's motions for judgment n.o.v. and for a new trial. The court also denied Salve Regina's motion for remittitur of the damages of $30,513.40 plus interest, a total of $43,903.45, that the jury had awarded Russell.

On its initial appeal to this court, Salve Regina challenged the court's application of the substantial performance doctrine to the contract between Russell and the College. We affirmed, deferring to the district court's contract analysis.

On writ of certiorari to the Supreme Court, the College asserted that we had erred in deferring to the district court's determination of state law. The Supreme Court agreed, holding that "a court of appeals should review *de novo* a district court's determination of state law." 111 S.Ct. at 1221. It is that review to which we now turn.

## II.

### (A)

The doctrine of substantial performance "is one that has played a part in the enforcement of contracts and in the statement of contract law." 3A Corbin, *Corbin on Contracts* § 700, at 308 (1960). "When a contract has been made for an agreed exchange of two performances, one of which is to be rendered first, the rendition of one substantially in full is a constructive condition precedent to the duty of the other party to render his part of the exchange." *Id.* at 309.

The Rhode Island Supreme Court specifically has applied this doctrine in the construction contract context. *DiMario v. Heeks*, 351 A.2d 837 (R.I.1976). In that case, quoting Corbin, *supra*, at § 704, the court explained that "the evaluation of a contractor's performance as substantial or unsubstantial is not simple but rather is 'a matter of degree,' and should be made 'relatively to all the other complex factors' in a case." 351 A.2d at 839.

In *National Chain Co. v. Campbell*, 487 A.2d 132 (R.I.1985), a case involving a contract for the wallpapering of office space, the court held that the trial court had erred in failing to give a "substantial performance" instruction. The court stated:

"We adhere to the rule enunciated in *DiMario v. Heeks* that 'a contractor cannot recover on a building contract unless he has substantially performed and that any lesser degree of performance will not suffice.' In our view, consideration of the doctrine of substantial performance is warranted by the evidence in the record before us. Whether there has been substantial performance is a question of fact for the jury to resolve relying on all the relevant evidence. It was error for the trial justice in this case to withhold that instruction from the jury."

*Id.* at 135 (citation omitted).

### (B)

In the instant case, after receiving a "substantial performance" instruction from the trial court, the jury apparently found that Russell had substantially performed her part of both the underlying matriculation agreement as well as the "side agreement" relating to her weight loss. Our task is to determine whether it was proper for the court to give the substantial performance instruction to the jury in the first instance. We hold that it was.

The facts of this case are novel. We find it unremarkable that neither the Rhode Is-

land Supreme Court—nor, indeed, any court of which we are aware—has been confronted with a fact pattern like this one. Our plenary review of Rhode Island law, however, as well as the law of other jurisdictions, convinces us that the Rhode Island Supreme Court would have applied the doctrine of substantial performance to the instant case.

The College's arguments notwithstanding, we find no evidence that the Rhode Island Supreme Court has evinced a particularly begrudging attitude toward the doctrine of substantial performance. To the contrary, that court's language in *Campbell*, a case in which it reversed the trial court based in part on the latter's failure to give a substantial performance instruction, displays, in our view, a receptive attitude toward the doctrine. Furthermore, although the Rhode Island Supreme Court to date has not spoken on the doctrine's applicability much beyond the building contract context, that silence reflects only the fact that the court apparently has not been faced squarely with the issue. Salve Regina can point to no case in which the Rhode Island Supreme Court has *rejected* the doctrine on the ground that its applicability is limited to construction contracts nor any language so suggesting in any of the cases where the doctrine has been applied. We have no reason to believe that that court would disagree with Professor Corbin that "[t]his problem of 'substantial performance' is involved in contracts of all kinds, contracts for the sale of land or of goods, contracts for the rendering of personal services, and contracts for manufacture and transportation, as well as for contracts for the building of buildings or for other creative construction." Corbin, *supra*, § 701 at 312–13 (footnotes omitted); *see, e.g., R.F. Carle Co. v. Biological Sciences Curriculum Study Co.*, 616 P.2d 989, 991 (Colo. App.1980) (applying doctrine in case where contract involved the advertising and endorsement of equipment and materials used in school science classes).

The weight of authority indicates that the doctrine of substantial performance has wide applicability. Our review of Rhode Island contract law suggests that the Rhode Island Supreme Court would be inclined to follow the weight of authority. *See Winegar v. Earle*, 276 A.2d 468, 470 (R.I.1971) (following weight of authority) ("The question of whether the anticipatory breach doctrine, so-called, should be followed where the contract has become executory as to one party is novel in this jurisdiction. This circumstance has led us to an extensive review of the numerous cases covered in the eminent digests cited by the parties, as well as a consideration of the reasoning of the esteemed text-writers Williston and Corbin.").

Salve Regina asserts that the unique facts of this case, and particularly the fact that it involves a contract between a student and a college, do not lend themselves to the application of the substantial performance doctrine. The cases relied upon by the College, however, are distinguishable. The instant case simply does not implicate concerns such as a school's academic integrity.

## III.

The College has moved for certification to the Rhode Island Supreme Court of the questions (1) whether a school can refuse a student enrollment in a course where the student has not met mutually established weight-loss requirements and (2) whether the doctrine of substantial performance applies to a dispute between a student and a private college. We find certification of these questions to be neither necessary nor appropriate. We deny the College's motion.

## IV.

We hold, having now reviewed the matter *de novo*, that the Rhode Island Supreme Court would have applied the doctrine of substantial performance to the contract dispute involved in this case. Accordingly, we reinstate our prior judgment affirming the judgment of the district court. Our previous opinion, 890 F.2d 484, is reinstated as modified by our *de novo* analysis of Rhode Island state contract law but is

reinstated in its entirety in all other respects.

Costs in this court to appellee Russell.