DECISION
This matter comes before the Court on plaintiff's Motion for Partial Summary Judgment. Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 56.
In 1994, plaintiff filed a lawsuit against defendant for declaratory relief; injunctive relief; and money damages regarding the ownership of underground gasoline tanks located on the following three separate parcels of land owned by plaintiff: 2 Carroll Avenue, Newport ("Newport"); One Mile Corner, Middletown ("Middletown"); and 2311 West Main Road, Portsmouth ("Portsmouth"). See Tomaino v. Concord Oil of Newport, Inc.,709 A.2d 1016 (R.I. 1998). In June 1995, a jury decided that defendant owned the tanks and awarded plaintiff $88,950 in damages for the cost of removing two underground gasoline tanks from Middletown, and for lost rental revenue at each, additional location. The defendant filed a motion for a new trial. The trial justice conditioned the denial of defendant's motion upon plaintiffs acceptance of a remittitur of $37,650, and directed defendant to remove the tanks and related equipment. The trial justice imposed the remittitur against plaintiff for failure to mitigate his damages by not removing the tanks from the Newport and Portsmouth locations. Both parties appealed the judgment. The Supreme Court sustained plaintiff's appeal, vacated the remittitur, and remanded the case to Superior Court for entry of judgment in accordance with the jury's award of damages. Tomaino, 709 A.2d at 1027. Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists. Superior Boiler Works, Inc. v. R.J. Sanders, Inc.,711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R. Civ. P. 56 (c). The trial Justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence v. Wilke,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCO v. Rignanese,714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law.Harritos v. Cambio, 683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. P. 56 (c).
The plaintiff argues that defendant removed the Newport tanks and restored the property in July 1996, thirteen months after the jury verdict. Additionally, defendant removed the Portsmouth tanks and restored the property in September 1996, fifteen months after the jury verdict. The plaintiff asserts that he is entitled to judgment for additional rent for defendant's use and occupancy of the Newport location from July 1995 through July 1996 and the Portsmouth location from July 1995 through September 1996. The plaintiff contends that he is entitled to charge defendant at the rate of $1,584 pa month for the Newport location and $2,850 per month for the Portsmouth location, the same rental rates the jury found for defendant's continued use and occupancy in the prior lawsuit.
The defendant proffers four arguments in opposition to plaintiff's Motion for Summary Judgment. The defendant argues that plaintiff has provided insufficient proof' regarding the diminution in rental value of the Newport and Portsmouth locations from the entry of judgment until the removal of the tanks. Additionally, a question of fact remains as to whether plaintiff was reasonable in falling to remove the tanks himself and thus, mitigating his damages. In conjunction with the mitigation issue, a question of fact exists as to whether plaintiff was financially capable of mitigating his damages. Lastly, defendant asserts that a genuine issue of material fact exists as to whether the time frame in which defendant removed the tanks was reasonable and prompt given the circumstances.
The award of damages in the prior lawsuit for lost rental revenue was calculated for the time period from August 1994 until June 1995. Tomaino, 709 A.2d at 1020. In the instant case, plaintiff is seeking rent for the use and occupancy of the Newport and Portsmouth locations for a time period after judgment was entered. "The amount of damages sustained from a breach of contract must be proven with a reasonable degree of certainty, and the plaintiff must establish reasonably precise figures and cannot rely upon speculation." National Chain Co. v. Campbell,487 A.2d 132, 134 (R.I. 1985). The plaintiff has the burden to prove by competent evidence the amount of damages it suffered as a result of defendant's conduct. Id. at 135. The plaintiff is relying upon rental rates based upon evidence presented to a jury in a previous lawsuit for a different time period. The plaintiff has not provided this Court with evidence as to what is the proper rental rates for the Newport and Portsmouth locations for the respective time periods after the entry of judgment in the prior lawsuit. The rental rates for defendant's extended use and occupancy of the Newport and Portsmouth locations could very well be the same as determined in the prior lawsuit, however, plaintiff has failed to set forth competent evidence proving those amounts to the Court.
Even if plaintiff provided the Court with competent evidence of rental rates for the time periods in question, defendant has raised an affirmative defense of mitigation of damages. In the prior action, the trial justice imposed a remittitur because plaintiff failed to mitigate his damages. Tomaino, 709 A.2d at 1020. However, the Supreme Court found that no evidence was presented at trial regarding the mitigation issue, and the trial justice failed to instruct the jury on the issue of mitigation.Tomaino, 709 A.2d at 1027. "Whether the plaintiff failed reasonably to mitigate damages was a question, if warranted by the facts and properly pursued by the defendant, for the jury to decide." Id. (citations omitted). The defendant should have the opportunity to present evidence to the trier of fact as to whether or not plaintiff reasonably mitigated his damages.
Furthermore, the judgment in the prior lawsuit did not set a time frame within which defendant was to remove the tanks. A genuine issue of material fact exists as to whether or not the time frame for removal of the Newport and Portsmouth tanks after the entry of the judgment was reasonable. It is within the province of the trier of fact to determine whether or not defendant's conduct regarding removal of the tanks was reasonable in light of the circumstances.
Based upon the foregoing analysis, this Court denies plaintiff's Motion for Summary Judgment. Counsel shall prepare the appropriate order for entry.